## HOWELL v. HIATT, Warden.

### No. 14074.

United States Court of Appeals
Fifth Circuit.

Oct. 28, 1952.

4. Stanaland v. Atlantic Coast Line R. R. Co., 5 Cir., 192 F.2d 432.

Archie Wilson Howell, in propria persona.

J. Ellis Mundy, U. S. Atty., Harvey H. Tisinger, Asst. U. S. Atty., Atlanta, Ga., for appellee.

Before HUTCHESON, Chief Judge, and HOLMES and RUSSELL, Circuit Judges.

HUTCHESON, Chief Judge.

This appeal is from an order denying a petition for *habeas corpus*.

This is the record. On October 20, 1942, the appellant was convicted in the United States District Court for the Middle District of North Carolina, upon his plea of guilty, and was sentenced to a term of twelve years for violation of Section 588b, Title 12, U.S.C. (Bank Robbery) [1948 Revised Criminal Code, 18 U.S.C.A. § 2113]. After serving a portion of that sentence, he was, on October 19, 1946, released on parole. On August 1, 1949, appellant was brought to trial in the North Carolina State Court on an indictment charging robbery with fire arms, but was acquitted on a directed verdict. On September 1, 1949, appellant was recommitted to the United States Penitentiary at Atlanta, Ga., upon a duly authorized warrant of the United States Board of Parole for violation of his parole, and, following a hearing on September 21, 1949, appellant's parole was revoked.

Appellant, relying upon the instructed verdict of not guilty and upon allegations that there was no other basis for revoking his parole than the fact that he was charged as stated above, argued below, and insists here: that the board, in revoking the parole, acted arbitrarily upon whim and caprice and in the absence of substantial evidence or reliable information; that the revocation was, therefore, void; and that he was being illegally held by the warden.

The district judge, citing Hiatt v. Compagna, 5 Cir., 178 F.2d 42, and United States ex rel. Rowe v. Nicholson, 4 Cir., 78 F.2d 468, held that, since it appeared that petitioner was being held pursuant to a revocation of his parole,[1] he could not

1. "A prisoner retaken upon a warrant issued by the Board of Parole, shall be

be said to be illegally held by the warden, nor could he by *habeas corpus* obtain a review of the decision of the board.

Appellant, while conceding that this would be the ordinary rule insists that it has no application here because, as appears from his allegations, the order of the Parole Board is not merely erroneous but is wholly void, and, under Hiatt v. Compagna, supra, he made out a case for relief on *habeas corpus*.

We cannot agree with appellant. On the contrary, we agree with the view of the district judge, that upon the undisputed facts of record, the petitioner was not entitled to the writ. What petitioner is in effect attempting to do is, without making any member of the board a party, to obtain a review of its decision revoking his parole. It is quite clear that he cannot do this, and that any remedy appellant has against the Parole Board lies in the jurisdiction of the District of Columbia and not in the district where he is held as a prisoner of the warden.

The judgment dismissing the petition is affirmed.

given an opportunity to appear before the Board, a member thereof, or an examiner designated by the Board.

"The Board may then, or at any time in its discretion, revoke the order of parole and terminate such parole or modify the terms and conditions thereof." Sec. 4207, Title 18 U.S.C.A., Revocation upon retaking parolee.