Roy James HEAD, Petitioner,

v.

Joseph O. KEARNEY, Warden, Federal Correctional Institution, Texarkana, Texas, and United States Board of Parole, Washington, D. C., Respondents.

Civ. A. No. 2064.

United States District Court E. D. Texas, Tyler Division.

June 20, 1956.

Roy James Head, pro se.

William M. Steger, U. S. Atty., Harlon E. Martin, Asst. U. S. Atty., Tyler, Tex., for respondents.

SHEEHY, District Judge.

On February 25, 1956, the petitioner was convicted in Criminal Action No. 9642 in the United States District Court for the Northern District of Texas, Fort Worth Division, on his plea of guilty to transporting in interstate commerce falsely made checks in violation of Title 18 U.S.C. § 2314 and on that date was sentenced to serve one year in prison. Petitioner is presently detained in the Federal Correctional Institution at Texarkana, Texas, under and by virtue of the judgment and commitment issued in that case. Allowing the maximum statutory good-time off for good behavior the minimum expiration of the sentence imposed in said Criminal Action No. 9642 will be December 26, 1956.

On February 27, 1952, Petitioner in Criminal Action No. 1912 in the United States District Court for the Northern District of Florida, Tallahassee Division, was convicted upon his plea of guilty to three counts of an information of interstate transportation of forged checks in violation of Title 18 U.S.C. § 2314. In that case a sentence of five years in prison was given on each count with the sentences on the three counts to run concurrently. On October 1, 1955, while petitioner was serving the sentence imposed in the last mentioned case in the United States Penitentiary at Leavenworth, Kansas, he was given a conditional release with 514 days remaining unserved on his sentence. On December 12, 1955, the United States Board of Parole issued a retaking warrant for petitioner because petitioner had violated

the conditions of his conditional release from the United States Penitentiary at Leavenworth, Kansas. This warrant has not yet been executed, however, the Board of Parole has filed a detainer against petitioner with the Warden of the Federal Correctional Institution at Texarkana, Texas, and under present prison policies and regulations petitioner pursuant to said retaking warrant will be taken into custody upon the date of his release from serving the one year sentence imposed in Criminal Action No. 9642, above referred to.

In his petition for Writ of Habeas Corpus herein petitioner contends that the retaking warrant should be cancelled or that this Court should declare that the unserved time remaining on the sentence imposed in the Northern District of Florida should run concurrently with the one year sentence imposed in the Northern District of Texas.

The United States Board of Parole has filed a Motion to Dismiss the Petition for Writ of Habeas Corpus as to it because it is domiciled in Washington, D. C. and is not subject to the jurisdiction of this Court and further because petitioner is in the actual physical custody of the Warden of the Federal Correctional Institution at Texarkana, Texas. This motion is well taken and will be granted.[1]

Although petitioner was not given parole but was conditionally released from the United States Penitentiary at Leavenworth, he, under the provisions of Title 18 U.S.C. § 4164, is to be treated as if he had been released on parole. That being true, the Parole Board had the right to issue the retaking warrant, above referred to.[2] Under the ruling announced in Zerbst v. Kidwell, 304 U.S. 359, 58 S.Ct. 872, 82 L.Ed. 1399 it is for the Parole Board to say whether the time remaining unserved on petitioner's prior sentence shall begin to run from the time he was imprisoned by virtue of the later sentence imposed in the United States District Court for the Northern District of Texas or whether petitioner shall commence the serving of the unserved portion of the first sentence after he has finished serving the last sentence imposed. It is apparent that the Parole Board does not intend that petitioner start serving the unserved portion of his original sentence until he has completed serving the last sentence imposed.

Petitioner's Petition for Writ of Habeas Corpus as to the respondent Kearney is wholly without merit and will be denied.

1. Howell v. Hiatt, 5 Cir., 199 F.2d 584.

