Jerome Dwight GLASS, Petitioner-Appellant,

v.

T. Wade MARKLEY, Warden, United States Penitentiary, Terre Haute, Indiana, Respondent-Appellee.

No. 14504.

United States Court of Appeals Seventh Circuit.

Jan. 11, 1965.

Christopher Kirages, Indianapolis, Ind., for appellant.

Richard P. Stein, U. S. Atty., Robert W. Geddes, Indianapolis, Ind., for appellee.

Before DUFFY and KNOCH, Circuit Judges, and MAJOR, Senior Circuit Judge.

DUFFY, Circuit Judge.

The petitioner who is confined in the United States penitentiary in Terre Haute, Indiana, petitioned the United States District Court for the Southern District of Indiana for a writ of habeas corpus. Petitioner complains of the alleged arbitrary action of the United States Board of Parole which resulted in revocation of his parole.

On February 17, 1961, petitioner was sentenced to a term of six years pursuant to the Youth Corrections Act for the interstate transportation of a stolen motor vehicle; for falsely pretending to be an Air Force officer, and for violation of the Federal Firearms Act. On October 19, 1962, petitioner was conditionally released to the District of Minnesota.

On April 8, 1963, an executive of the Youth Correction Division recommended to the Board of Parole that a warrant be issued for petitioner's arrest because there had developed a loss of contact with petitioner since January 3, 1963, and for petitioner's failure to submit monthly reports for the months of January and February 1963. A warrant of arrest was issued. Petitioner learned of the efforts of the Federal Bureau of Investigation to locate his whereabouts by reason of a long distance telephone call from his mother who lived in Minneapolis. At that time, petitioner resided with his wife in Beverly Hills, California.

On May 4, 1963, petitioner telephoned the Minneapolis office of the Federal Bureau of Investigation to inquire about the claimed parole violation. He was instructed to contact the Los Angeles office of the FBI. He did so, and was informed that a warrant had been issued for his arrest for parole violation. FBI agents came to his home and placed him under arrest. He was confined in the Los Angeles county jail.

Petitioner was detained at the Los Angeles county jail for seventeen days. He was not given a preliminary interview relating to any of the circumstances bearing on the alleged parole violations. He was given no opportunity to provide the names of witnesses. He was not represented by counsel nor contacted by any member or representative of the Parole Board.

On May 21, 1963, petitioner was removed to the federal prison at Lompoc, California, about two hundred miles distant from Los Angeles. He was "proc-

essed" for admission without any formality of determining whether the facts justified revocation of his parole. After 2½ hours of "processing", petitioner was taken before a member of the Youth Correction Division of the United States Parole Board for a parole revocation hearing.

After a brief discussion with the hearing officer, petitioner waived his right to counsel and his right to the appearance of voluntary witnesses. This was the first time petitioner was advised of his right to counsel and to have voluntary witnesses. He was also advised that his right to counsel and to voluntary witnesses was limited to a hearing to be conducted at the federal prison at Lompoc.

The record in the trial court and on this appeal is silent as to the nature of the hearing held in the prison. However, petitioner was retained in custody and on June 19, 1963, his parole was revoked at a regular meeting of the Youth Correction Division. On June 27, 1963, petitioner was transferred to the federal prison at Terre Haute, Indiana.

In conjunction with his petition for a writ of habeas corpus, petitioner filed motions for attendance of witnesses from Los Angeles; for attendance of personnel of the Parole Board which conducted the hearing at the prison at Lompoc, and for the appointment of counsel at the requested hearing on his petition for habeas corpus.

The District Court referred to the motions of the petitioner but did not rule upon them, and proceeded to a determination of the merits of the petition for habeas corpus. The District Court denied the habeas corpus petition, holding that the hearing afforded to petitioner upon his arrival at Lompoc penitentiary was properly held and that his parole was properly revoked in compliance with the statutory procedures set out in 18 U.S.C. § 4207.

Petitioner appealed to this Court in forma pauperis. We appointed counsel to represent him on this appeal.

On this date we have handed down our decision in Richardson v. Markley, 369 F.2d 967. In that case, the petitioner filed a petition for a writ of habeas corpus seeking release from the federal penitentiary at Terre Haute, Indiana. There, as here, petitioner alleged the invalidity of the proceedings which resulted in the revocation of his parole. In Richardson, we discussed in considerable detail, the applicable federal statutes and also the practices, rules and proceedings of the United States Board of Parole. In the instant opinion, we incorporate by reference, our statements in Richardson with reference to such statutes, rules, practices and proceedings.

We think petitioner Glass received rather rough treatment at the hands of the Board of Parole. The reason why petitioner moved to California and whether he gave the Board notice thereof are not clear from the record before us.

At the time of his arrest, he was living in California with his wife. Presumably he was gainfully employed. No claim is made that he had committed any crime. When he learned from his mother that the authorities were looking for him, he called the Federal Bureau of Investigation long distance from California to Minnesota. He was instructed to contact the FBI office in Los Angeles which he did, and he was promptly arrested.

He was not given a preliminary hearing although he was lodged in the Los Angeles jail for a period of seventeen days. It was only a few months later that the Board amended its rules which would have made such a hearing mandatory upon request.

After petitioner's seventeen-day sojourn in jail at Los Angeles, he was moved two hundred miles to the federal prison at Lompoc, California. It was there petitioner was first advised of his right to counsel and to have voluntary witnesses. Why he did not receive this information during his seventeen days in jail at Los Angeles, is not explained.

Certainly, witnesses such as his wife and possibly his employer were readily available there.

We reverse the judgment denying the petition for habeas corpus and remand to the District Court and direct that a hearing be held with petitioner personally present; that an opportunity be given to petitioner to advise the Court what voluntary witnesses he could produce, and what information such person or persons could give on the factual issue of parole violation if a preliminary hearing is held within a reasonable time at or near the place of the alleged violation. Should the District Court find that such hearing at such place is necessary in order to provide a fair hearing on the alleged parole violation, the District Court shall enter an appropriate order.

Mr. Christopher Kirages of the Indiana Bar was the court-appointed counsel on the appeal to this Court. Mr. Kirages was assisted by Attorney Clarence H. Doninger of the Indiana Bar. This Court expresses its appreciation for the diligent and competent service rendered by these attorneys.

Reversed and remanded.