Daniel E. LANGSTON, Petitioner,

v.

Dr. P. J. CICCONE, Director, United States Medical Center for Federal Prisoners, Springfield, Missouri, Respondent.

Civ. A. No. 18170-3.

United States District Court, W. D. Missouri, W. D.

March 16, 1970.

Daniel E. Langston, pro se.

## ORDER GRANTING PETITIONER LEAVE TO PROCEED IN FORMA PAUPERIS AND DENYING PETITION FOR HABEAS CORPUS

BECKER, Chief Judge.

Petitioner, a federal convict confined in the United States Medical Center for Federal Prisoners, petitions this Court for a writ of habeas corpus unconditionally releasing him from the Medical Center because of alleged lack of due process of law in the revocation of his parole. Petitioner requests leave to proceed in forma pauperis. Leave to proceed in forma pauperis will be granted.

Petitioner states that after being indicted on charges which he does not specify, and pleading guilty thereto, he was sentenced by the United States District Court for the Western District of Pennsylvania to consecutive sentences of 10 years' imprisonment and 5 years' imprisonment on the two convictions; that he did not appeal from the judgment of conviction or imposition of sentence; that he has previously moved to correct, vacate or set aside his sentence in the committing court under § 2255 of Title 28, U.S.C., but his motion was denied; that he has previously petitioned for habeas corpus in this Court, but his petition was denied (Langston v. Ciccone (W.D.Mo.) Civil Action No. 18127–3); and that he was represented by counsel at his arraignment and plea and at his sentencing.

As grounds for his contention that he is unlawfully in custody and entitled to immediate release, petitioner states that he was not given a preliminary hearing by the Parole Board at or near the place of his arrest prior to the revocation of his parole and that he was not given adequate notice of the parole revocation hearing which was held upon his return to the Medical Center.

As facts which support the above grounds, petitioner states that he "did go before the U.S. Probation Officer in Waco [, Texas, where he was arrested on the parole violation warrant] but nothing concerning a preliminary hearing or alleged violation of parole was discussed—nothing was discussed except getting me recommitted to a V.A. or State Hospital for psychiatric treatment, and I was not given a preliminary hearing"; and that he was given only a 5-minute notice at the Medical Center of his parole revocation hearing there.

Both of these grounds have been previously raised by petitioner in his prior petition for habeas corpus, Langston v. Ciccone (W.D.Mo.) Civil Action No. 18127–3, and found to be without merit. The only new aspect of his contentions in this case is his attack upon the substance of the preliminary hearing in Waco. Petitioner describes the hearing as no preliminary hearing at all inasmuch as he was not formally advised that his parole might be revoked after a subsequent parole revocation hearing. Petitioner states that hospitalization was the only prospective disposition of his case which was discussed. Petitioner further states that he did not

receive any notice of the charges on which he would have to defend himself at such a hearing and that he was not advised of his right to be assisted by counsel or to present witnesses therein. It is well settled, however, that the preliminary interview is an informal proceeding which need not "be converted into an adversary proceeding in any sense." Hyser v. Reed, 115 U.S.App.D.C. 254, 318 F.2d 225, cert. den. Thompson v. United States Board of Parole, 375 U.S. 957, 84 S.Ct. 446, 11 L.Ed.2d 315, and Jamison v. Chappell, 375 U.S. 957, 84 S.Ct. 447, 11 L.Ed.2d 316. Thus, while the preliminary interviewer should hear any witnesses who voluntarily appear in the petitioner's behalf, it does not appear to be any deprival of due process to fail to notify petitioner of his right to counsel and to witnesses in his own behalf. Hyser v. Reed, *supra*. Further, it is not a right of petitioner to have a preliminary hearing with all the privileges and safeguards of an ordinary criminal trial. Hyser v. Reed, *supra*.

■■ Further, by habeas corpus in this Court against the Director of the Medical Center to secure his immediate and unconditional release as a result of the alleged errors of the United States Board of Parole, petitioner may assert only the absence of any parole revocation by the Board or that the revocation, because of certain defects, is invalid on its face, so that respondent is not justified in continuing to hold petitioner under the allegedly invalid revocation. Once it has been established that the proper procedures preceded the revocation, in the sense that the preliminary hearing and parole revocation hearing were held or waived, the respondent is justified in holding the petitioner under the revocation order. Procedural defects in the conduct of the hearings themselves, however, can be corrected only by the Board of Parole and must therefore be asserted by way of a petition for habeas corpus in which the Board is named as respondent. In Hiatt v. Compagna (C.A.5) 178 F.2d 42, affirmed 340 U.S. 880, 71 S.Ct. 192, 95 L.

Ed. 639, reh. den. 340 U.S. 907, 71 S.Ct. 277, 95 L.Ed. 656, it was held that in a habeas corpus proceeding naming the warden as respondent, the action of the Parole Board could not be reviewed nor could the Board be directed to return the petitioners to the place of arrest and give them a hearing which would be conducted in accordance with the Administrative Procedure Act. In that case, the United States Court of Appeals for the Fifth Circuit unequivocally held: "Certainly no review of what the Board is doing or has done can be undertaken by habeas corpus where the Board is not a party, and no such directions can be given it as these applications pray for." 178 F.2d at 45. This rule has generally been followed. Relief has subsequently been considered, or granted, against the warden (or other custodian of a petitioner) where it was stated or demonstrated that the action of the Board in revoking parole was so arbitrary that the revocation constituted a nullity which did not justify the respondent in detaining petitioner (Compagna v. Hiatt (N.D.Ga.) 100 F.Supp. 74); where the warrant for retaking petitioner under a parole violation application did not issue within the time allotted by federal statute (Humphrey v. Wilson (W.D.Mo.) 281 F.Supp. 937); where the petitioner was given no parole revocation hearing at all (United States ex rel. Obler v. Kenton (D.Conn.) 262 F.Supp. 205); where the Board does not serve an outstanding warrant or otherwise exercise its discretion within a reasonable time under the circumstances (Robinson v. Sartwell (E.D.Mich.) 264 F.Supp. 531 and Cotner v. United States (C.A.10) 409 F.2d 853); or where a patent federal statutory or constitutional violation would have made the parole revocation a nullity (Jones v. Rivers (C.A.4) 338 F.2d 862). Otherwise, it has been held that mere procedural errors of the Board are not cognizable in a habeas corpus action sought to be maintained against the warden or other custodian of the petitioner. Petitioner here relies upon Hyser v. Reed, *supra*, to the effect

that he was entitled to a preliminary hearing. It has been determined on his own allegations in this case and in his prior habeas corpus petition in Civil Action No. 18127–3, however, that he did have a preliminary hearing. Even so, however, it was held in Richardson v. Markley (C.A.7) 339 F.2d 967, cert. den. 382 U.S. 851, 86 S.Ct. 100, 15 L.Ed.2d 90, and Hodge v. Markley (C.A.7) 339 F.2d 973, that "In Hyser, the Court did *not* say that the failure to provide petitioner with a preliminary hearing or any of the other steps mentioned, was a violation of the parolee's constitutional rights." 339 F.2d at 974. In Glass v. Markley (C.A.7) 339 F.2d 970, the same court reversed the district court's denial of petition for habeas corpus against the warden and remanded for a hearing in a case where no preliminary hearing had been granted and the circumstances indicated that the parole may have been arbitrarily revoked by the Board. But that is not the case at bar, where petitioner had admitted a disturbance of enough seriousness to cause his wife to seek the aid of the police and where he has been accorded what is identifiable as a preliminary hearing.

Petitioner asserts not only a right to a preliminary hearing but also his right to be advised therein of his rights to the assistance of counsel and to "submit" voluntary witnesses or other evidence. This amounts to an assertion of rights which are not patently founded on federal statutory or constitutional rights and which may possibly rise to federal statutory or constitutional violations only under circumstances which directly involve the exercise of discretionary duties by the Board of Parole. These grounds, therefore, should not be asserted against the warden or other custodian, but against the Board of Parole. See, e. g. Hyser v. Reed, *supra*, where it was held that, only in certain circumstances, the absence of a preliminary hearing would require remedial action on the part of the Board.[1] Further, where the right allegedly violated involves the discretion of the Board, the habeas action is properly brought against the Board, rather than against the warden, even if the wrongful exercise of discretion could result in a violation which could not be remedied by another hearing by the Board and thus the petitioner must be given his unconditional release.[2] And the right should be

1. Thus, where the petitioners had admitted or had been convicted of crimes violating the parole conditions, the court held that no relief was necessary, even though certain procedural abridgements had perhaps taken place. Further, while holding that, during preliminary inquiry, "the parolee may produce voluntary witnesses to give information relevant to the alleged parole violation specified in the warrant or application for warrant" and that the "officer shall hear such persons as may be produced by the parolee in his behalf and record a summary or digest of their statements which bear on the alleged violation," 318 F.2d at 244, the failure to hold the preliminary hearing was not deemed in every instance to entitle the petitioner to relief.

2. This is primarily because of the clarity with which a fundamental statutory standard or constitutional standard must exist before its violation can be held patently to entitle a petitioner to unconditional release. Thus, in United States ex rel. Obler v. Kenton (D.Conn.) 262 F.

Supp. 205, the district court found that the preliminary hearing had been defective in that it had not given the petitioner effective notice of the charges which he would have to face in the revocation hearing. But this did not in itself give rise to relief because petitioner had not yet had a revocation hearing. The relief decreed, then, was that he should have the revocation hearing on adequate notice, preceded by the preliminary hearing. The court appears to have been justified in ordering the respondent warden to see that such a hearing was held by the Board because such would be necessary to justify his continued custody. In Phillips v. United States Board of Parole (N.D.Ill.) 254 F.Supp. 529, a case in which the petitioner alleged that he had not been granted a preliminary hearing, the case wase transferred from the District of Columbia to the Northern District of Illinois, under Section 1391(e), apparently because the petition claimed mandatory relief. The court, however, found that the preliminary hearing had been waived by

asserted by petition for habeas corpus or other extraordinary relief in the United States District Court for the District of Columbia and by appeal of any adverse decision therein to the United States Court of Appeals for the District of Columbia Circuit. There is no jurisdiction over the Board of Parole in districts outside the District of Columbia. Howell v. Hiatt (C.A.5) 199 F.2d 584; Head v. Kearney (E.D.Tex.) 142 F.Supp. 569. While the federal district courts are granted jurisdiction under Section 1361 of Title 28, U.S.C. "of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff," it is well settled that this section does not apply where discretionary duties are involved. See, e. g. Rural Electrification Administration v. Northern States Power Co. (C. A.8) 373 F.2d 686, cert. den. 387 U.S. 945, 87 S.Ct. 2079, 18 L.Ed.2d 1332. It is equally well settled that all matters relating to probation are within the "almost unreviewable" discretion of the Board of Parole. Hyser v. Reed, *supra*, 318 F.2d at l. c. 240; Shelton v. United States Board of Parole, 128 U.S.App.D. C. 311, 388 F.2d 567; Sard, A Parole Apologia, 18 American University L. Rev. 98 (1968). Thus, where the statutory duty of the Parole Board is clear or the command of the Federal Constitution, as interpreted by current cases of the United States Supreme Court is un-

mistakable, jurisdiction for an action in the nature of mandamus may exist in any district where, as provided in Section 1391 of the same title, (1) a defendant resides, (2) the cause of action arose, (3) any real property involved is located, or (4) the plaintiff resides, if no real property is involved. But virtually the same jurisdictional advantage can be obtained in such an instance by habeas corpus against the warden in the district of the prison, because violation of a clear statutory or constitutional mandate by the Parole Board in revoking parole might, by the same token of clarity of the violated standard, render the custody of the warden a nullity.

In the case at bar, however, petitioner has been granted a preliminary hearing and has been offered a parole revocation hearing, together with witnesses and counsel, which he waived. This is enough to sustain the custody of the respondent herein. For relief concerning the finer procedural points asserted by petitioner, he should petition for habeas corpus, naming the Board of Parole as respondent, in the United States District Court for the District of Columbia.

For the foregoing reasons, it is

Ordered that petitioner be, and he is hereby, granted leave to proceed in forma pauperis. It is further

Ordered that the petition herein for habeas corpus be, and it is hereby, denied.

---

petitioner. It is significant that the petitioner in that case sought release from detention rather than any remedial action by the Board of Parole. Further, the transferee court made it clear in the opinion in *Phillips* that it deemed the right to a preliminary hearing to have been pronounced to be a clear statutory duty of the Board by the decision in Hyser v. Reed, 115 U.S.App.D.C. 254, 318 F.2d 225, cert. den. Thompson v. United States Board of Parole, 375 U.S. 957, 84 S.Ct. 446, 11 L. Ed.2d 315 and Jamison v. Chappell, 375 U.S. 957, 84 S.Ct. 447, 11 L.Ed.2d 316. See 254 F.Supp. at 536. The case was transferred to Illinois after it had once been decided in favor of the Board by summary judgment in the United States District Court for the District of Columbia and the judgment reversed in Phillips v. United States Board of Parole, 122 U.S.

App.D.C. 235, 352 F.2d 711 because of a "genuine issue of fact" on the question of waiver of the preliminary hearing. The transfer was made "according to the procedure outlined in Van Dusen v. Barrack, 376 U.S. 612, 683, 84 S.Ct. 805, 11 L.Ed. 2d 945." 254 F.Supp. 530. In part, *Van Dusen* held that the language of Section 1404(a), Title 28, U.S.C., specifying for transfer of an action to "any other district or division where it might have been brought" properly referred to any district or division in which the action "may be brought" at the time of transfer. Thus, it appears that the action in *Phillips* may have been deemed proper in the Illinois venue only after it was determined that the issue was whether the violation of a mandatory duty had occurred.