**UNITED STATES of America,**
**Appellee,**

v.

**Monroe Clinton MAPLES, Appellant.**

**No. 73-2064.**

United States Court of Appeals,
Fourth Circuit.

Argued April 1, 1974.

Decided Aug. 7, 1974.

Donald M. Tepper, Charlotte, N. C. [Court-appointed counsel] for appellant.

David B. Sentelle, Asst. U. S. Atty. (Keith S. Snyder, U. S. Atty., on brief), for appellee.

Before BRYAN, Senior Circuit Judge, and WINTER, and ADAMS,* Circuit Judges.

WINTER, Circuit Judge:

Monroe Clinton Maples and his female co-defendant both pleaded guilty to bank robbery in violation of 18 U.S.C. § 2113(a). Defendant was sentenced to a term of fifteen years. His female co-defendant was sentenced to a term of ten years. From the record, it appears that some or all of the disparity in sentences was attributable to the fact that the co-defendant was female. Since sex, alone, is an impermissible basis for a disparity in sentence, we vacate Maples' sentence and direct that he be resentenced.

I.

Maples and his co-defendant, Lynn Ellen Morrow, were separately indicted as principals for bank robbery in violation of 18 U.S.C. § 2113(a) and armed bank robbery in violation of 18 U.S.C. § 2113(d). A third defendant, Edward Rivers, was indicted as an aider and abettor in both counts of the Maples' indictment. The charges against all three arose out of the armed robbery of a federally insured bank in Charlotte, North Carolina, on February 2, 1973. The sum of $10,718.00 was taken in the robbery.

Maples, who was 21, and Morrow, who was 17, pleaded guilty to simple bank robbery. Either a plea bargain was made, or the government was satisfied not to press the charges of armed bank robbery, because that charge was dropped. Rivers pleaded not guilty, was tried, convicted and sentenced to a term of twelve years, before Maples and Morrow were sentenced. The evidence indicated that Rivers was the driver of the vehicle used in the commission of the crime and that he did not enter the

* United States Circuit Judge for the Third Circuit, sitting by designation.

bank. Both Maples and Morrow were armed and entered the bank, and there was at least a suggestion that Morrow instigated commission of the crime.

When Maples was sentenced, the district court said:

> Your co-defendant, Mr. Rivers, was before this Court and was tried. The evidence indicated that he was the driver of the car, that he didn't enter the bank. I gave him twelve years. You did enter the bank and had a weapon. The Court feels compelled to give you a greater sentence than I did Mr. Rivers although he was, under the law, equally guilty. Somebody who aids and abets in the commission of a crime is equally guilty as the other principal, but so far as sentencing is concerned, the Court can certainly take that into account. Had you killed one of these employees that day, you and Mr. Rivers both would have been guilty of murder, you see. He would have been guilty of aiding and abetting. So these fellows who drive the car and think they're not getting involved, they are getting involved.

The court then imposed a sentence of fifteen years.

The court rejected a suggestion that Morrow be sentenced under the Federal Youth Corrections Act. It imposed a sentence of ten years on her, preceded by the following colloquy:

> COURT: Miss Morrow, this evidence indicates that you entered that bank and that you had a weapon, too. Is that right?
>
> MISS MORROW: Yes, sir.
>
> COURT: And I believe the evidence indicated that you went over to see one of these defendants and suggested the bank robbery. Did you?
>
> MISS MORROW: I don't knew whether he said I suggested it but I was in the bank robbery.
>
> COURT: You were involved in it.
>
> MISS MORROW: Yes, sir.
>
> COURT: Do you have a drug problem?

> MISS MORROW: No, I don't.
>
> COURT: Well, these modern philosophies that have come forward lately about women's liberation is such that I reckon legally I can't make a distinction between your sentence and your co-defendants, but I'm old-fashioned enough I just don't believe in punishing women who participate in a crime with the men on the same basis as a man. Ordinarily I think the man takes the lead and persuades the female, the woman. That may not be so; that may be old-fashioned. I'm going to give you the benefit of that although the evidence seems to indicate that might not be the case here. But because of your age and the fact that you are a woman, the Court will not incarcerate you for quite as long as I did your co-defendant.

After sentencing, Maples moved for a reduction of his sentence under Rule 35, F.R.Cr.P., but the motion was denied. Maples asked that his sentence be reduced to ten years. In colloquy with counsel at the hearing on the motion, the district court pointed out that there were factors to justify a disparity in sentence between Maples, Morrow and Rivers—their ages, and the fact that Maples had a prior record, although, as offsetting the latter, the district court stated that it took into consideration another charge pending against Morrow when Morrow was sentenced. Nevertheless, the fact is that in sentencing Morrow the district court expressly stated that her sex was *a* factor in the leniency of the sentence imposed on her.

## II.

■■ We disclaim the right to exercise general appellate review over sentences, but we do not doubt our authority to vacate and correct sentences imposed in violation of constitutional or statutory rights. United States v. Powell, 487 F.2d 325 (4 Cir. 1973). *See also* Dorszynski v. United States, 418 U.S. 424, 94 S.Ct. 3042, 41 L.Ed.2d 855 (1974), in which a sentence was vacated because not imposed in accordance with

statute although general appellate review of sentences was denied. It is manifest from the statement of the district judge, in sentencing Morrow, that at least a part of the leniency shown her vis-a-vis her codefendants, was the fact that she was a woman. While a disparity of ages among co-defendants may, in a proper case, support disparate treatment in sentencing, as well as many other factors such a degree of guilt, prior record, likelihood of rehabilitation, need for deterrence, etc., in the instant case the district judge was candid in disclosing that these factors were not alone the reasons for the disparity. He expressly stated that sex was also a factor. Under current law, and absent any proof that rehabilitation or deterrence are more easily accomplished in the case of females rather than males, we deem the factor of sex an impermissible one to justify a disparity in sentences. Frontiero v. Richardson, 411 U.S. 677, 93 S.Ct. 1764, 36 L.Ed.2d 583 (1973); Reed v. Reed, 404 U.S. 71, 92 S.Ct. 251, 30 L.Ed.2d 225 (1971).

Of course, Morrow was to some degree unduly preferred because of her sex, while in *Frontiero* and *Reed* the female was unduly burdened. Theoretically, Morrow's preference could be eradicated by increasing her sentence to place it on a parity (taking into account other factors which would support a difference) with that of Maples. But North Carolina v. Pearce, 395 U.S. 711, 89 S.Ct. 2072, 27 L.Ed.2d 162 (1969), would appear to be a bar to such a remedy. However, in the context of this case, whatever is an undue preference to Morrow is necessarily an undue discrimination to Maples because he did not receive as favorable consideration as Morrow. Maples was discriminated against in part because of his sex, and his sentence, to the extent that its length depends upon this factor, is no less illegal. There were factors that would support a difference in sentence between Maples and Morrow. Thus, as the district court correctly recognized when it denied Maples' motion to reduce his sentence to ten years, Maples is not necessarily entitled to the same sentence of ten years imposed on Morrow. Whether Maples' sentence is the same or longer than Morrow's sentence will depend upon the weight which the district judge, in the exercise of his discretion, places upon the differing factors, but whatever the justifiable difference between the two sentences, Maples' sentence should not be lengthened because he is male. .

III.

Accordingly, we vacate Maples' sentence and remand the case for resentencing. We have confidence in the ability of the district judge to carry out our mandate. If, however, he prefers that the resentencing should be performed by another district judge, he may reassign the case. The object of the resentencing will, of course, be to eliminate from Maples' term the portion of its length attributable to the fact that Maples is male.

Vacated and remanded.

ALBERT V. BRYAN, Senior Circuit Judge (dissenting):

Somewhat startling for me, the majority opinion by-passes what has for decades been doctrine in this court, and so far not doubted by the Supreme Court. It is this:

"Sentencing is within *sole* province and discretion of trial judge, and unless an imposed sentence exceeds statutory maximum, or is otherwise illegal, *appellate courts are without authority to act.* Even if we considered the sentences in this case unduly harsh or severe, which we do not, we would be powerless to review under innumerable decisions of this and other appellate courts which have held consistently that there is *no power in an appellate court* to review sentence imposed, so long as it is within statutory limit. . . ." (Accents added.)

\* \* \* \* \* \*

"This view is unquestionably followed by the overwhelming weight of au-

thority, and unless or until the Congress or the Supreme Court has spoken to the contrary we are disposed to follow our established precedent." Judge Simons in United States v. Pruitt, 341 F.2d 700, 703, 705 (4 Cir. 1965).

Almost 50 years ago the late eminent jurist, Judge John J. Parker, addressed the point for this circuit in Tincher v. United States, 11 F.2d 18, 21 (4 Cir. 1926):

"The judge who tries the case and hears the testimony is the best, as he is the sole judge of the merits, and if he acts within the boundaries prescribed by law his decision is final and unreviewable in an appellate court. . . ."

See also, United States v. Wilson, 450 F.2d 495, 498 (4 Cir. 1971).

As late as June 26, 1974, the Supreme Court in Dorszynski v. U. S., 418 U.S. 424, 94 S.Ct. 3042, 41 L.Ed.2d 855 reaffirmed this tenet:

"We begin with the general proposition that once it is determined that a sentence is within the limitations set forth in the statute under which it is imposed, appellate review is at an end." At 431, 94 S.Ct. at 3047 (Citations omitted.)

Reciting the legislative history of the Federal Youth Corrections Act, the Court reiterated:

"The intent of Congress was in accord with long-established authority in the United States vesting the sentencing function exclusively in the trial court.

'If there is one rule in the federal criminal practice which is firmly established, it is that the appellate court has no control over a sentence which is within the limits allowed by a statute.' Gurrera v. United States, 40 F.2d 338, 340 (C.A.8 1930)." At 440, 94 S.Ct. at 3051. (Other citations omitted.)

However, accepting arguendo the majority's entitlement to disregard precedent, I perceive no warrant for its decision here. Indisputably the correc-

tions imposed were not beyond the limit of the penal statute. Next, the majority mistakenly reads the District Court's pronouncement as resting upon sex exclusively. The opinion is so prefaced:

"Since sex, *alone*, is an impermissible basis for a disparity in sentence, we vacate Maples' sentence and direct that he be resentenced." (Emphasis added.)

To start with, the trial judge's articulation of the girl's sentence first and foremost pointed to her "age". This consideration is now apparently no longer deemed of consequence. That the girl's age was the predominant factor in fixing her sentence appears in the statements of the Court at the time of his sentencing. Counsel for Maples adverted to the difference in his sentence and hers, saying:

"I realize you took into consideration her age by putting the youthful offender status on it, but to give her a lesser sentence I believe is, first of all, not carrying out the intent of the court in making all three of them equal."

In answer the Court, emphasizing age as the overriding consideration, said: "Mr. Tepper, do you think the Court must treat a 17-year old the same way as a 21-year old? She was 17 when the crime was committed; he's 22 now, I assume he was 21. Yet the Court must treat a 17-year old on the same basis as a 21-year old in the commission of a crime?"

Additionally, thereafter Maples moved for reduction of his sentence because the girl had received 10 years and another co-defendant, Edward Rivers, 12 years, but he was given 15 years for complicity in the same crime. He pressed upon the Court that "in fairness, all sentences should be the same and that his sentence should be reduced to 10 years". In his denial the Judge remarked on Maples' *age* of 21 years at the time of the bank robbery, that he "had at least one prior constitutional conviction, and had served a prison term". Again manifesting his occupation with *age*, he observed that

the girl "was only 17 years old at the time of offense". He commented, too, that she "had no prior criminal record". This was at the least a triphammer affirmance of her age as controlling.

Refusal of the motion was "based upon the various acts committed by the respective defendants, their *ages*, and their prior criminal records, or lack of records, [justifying] the differences in the sentences". (Emphasis added.) This is conclusive to me that the apportionment of the girl's and Maples' punishments was reckoned with legal and meet elements in mind.

Precedents cited by the majority as well as those of the appellant are not apposite here. They entailed the application of enactments fixedly differentiating between persons according to their gender. Quite obviously legislation is not comparable to a court's judgment permissibly embodying other considerations than sex.

Finally, the decision now proposed will be but another of our intrusions upon the trial court's sphere and prerogatives. I would affirm the District Court without qualification.