**Albert Wayne MORRIS**

v.

**UNITED STATES of America et al.**

**Civ. A. No. 74–0188–R.**

United States District Court,
E. D. Virginia,
Richmond Division.

Aug. 28, 1975.

Albert W. Morris, pro se.

Dennis Dohnal, Asst. U.S. Atty., Richmond, Va., for the U. S.

## MEMORANDUM

MERHIGE, District Judge.

Albert Wayne Morris, a federal prisoner, brings a petition pursuant to 28 U.S.C. § 2241 wherein he alleges that his present confinement is in violation of the Constitution of the United States. He also seeks a reconsideration of his parole determination, which the Court will construe as a petition for a writ of mandamus pursuant to 28 U.S.C. § 1361. More specifically, petitioner alleges that the known homosexuality of a co-defendant improperly influenced the sentencing judge, that the parole board's consideration of his case was prejudiced by his wife's pending divorce action, his co-defendant's homosexuality, his pending habeas corpus action, and its lack of correct information on the circumstances and nature of his conviction, and that prison authorities acted to impede his access to the courts. Petitioner, at the time his complaint was filed, was incarcerated in the Federal Reformatory, Petersburg, Virginia by virtue of a judgment of the United States District Court, Northern District of Texas, for the possession of property stolen from an interstate shipment. 18 U.S.C. § 659 (1970). Sentence was imposed by the District Judge pursuant to the Federal Youth Corrections Act. 18 U.S.C. §§ 5005–26 (1970).

The matter is presently before the Court on respondent's motion to dismiss the petition for its alleged failure to meet the requirements of Rule 11, Federal Rules of Civil Procedure; its failure to state a claim upon which relief can be granted; and the Court's lack of subject matter jurisdiction. The petitioner, in response to the motion to dis-

miss, has submitted a motion for summary judgment.

[1] In ruling on the respondent's motion to dismiss, all the material allegations of the petition must be accepted as admitted. *Jenkins v. McKeithen*, 395 U.S. 411, 421, 89 S.Ct. 1843, 23 L.Ed.2d 404 (1969). Moreover, within this Circuit, a petition may not be dismissed "unless it appears to a certainty that the plaintiff would be entitled to no relief under any state of facts which could be proved in support of his claim." *Johnson v. Mueller*, 415 F.2d 354, 355 (4th Cir. 1969), *citing Conley v. Gibson*, 355 U.S. 41, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957).

Respondent first alleges that since the petitioner failed to sign and verify his petition as required by Rule 11 of the Federal Rules of Civil Procedure and 28 U.S.C. § 2242, the action should be dismissed. The petition was signed by William Wilson Weirback, Jr., the petitioner's co-defendant, under the alleged authorization of 28 U.S.C. § 2242: "Application for a writ of habeas corpus shall be in writing *signed* and *verified* by the person for whose relief it is intended or *by someone acting in his behalf.*" (Emphasis added). Respondent argues first, that the petitioner must demonstrate that he was prevented from signing his petition by reason of either a physical or mental handicap, and second, that even if the signature of Weirback is valid, Weirback failed to also "verify" the complaint.[1]

It is the rule of this Circuit that *pro se* prisoner complaints be liberally construed so as to protect their right of access to the courts:

> Some of these [prisoner's] allegations are concededly rather vague and general, and the petition contains no particularized statement of background facts and conduct. However, we feel that claims of legal substance should not be forfeited because of a failure to state them with technical precision. *Coleman v. Peyton*, 340 F.2d 603, 604 (4th Cir. 1965). *See also, Haines v. Kerner*, 404 U.S. 519, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972).

In accordance with this policy, the requirements of 28 U.S.C. § 2242 must be tolerantly interpreted with respect to prisoner petitions. The petitioner alleges that federal prison authorities restricted his ability to communicate by mail or verbally with Weirback, who was assisting the petitioner in drafting his petition. Weirback was clearly operating with the consent of and in the best interests of the petitioner, and expediency may have required that Weirback sign and mail the complaint. The petitioner need not demonstrate a physical or mental handicap to justify an agent's signature; other grounds of necessity, as have been alleged here, will suffice. *Cf. Collins v. Trasger*, 27 F.2d 842, 843

---

1. The complaint was signed as follows:

U.S.C.A.—Title 28–2242
7. Some one—pg. 154(ID) [Handwritten]

Respectfully,

/s/ William Wilson Weirback, Jr.

Allen Wayne Morris
# 38146
P. O. Box 1000
Petersburg, Virginia 23803

Subscribed and sworn to before me this 15 day of April, 1974.

[Mr. Fine failed to sign]

(Attached papers to follow)

S. J. Fine, Parole Officer
"Authorized by the Act of July 7, 1955 to administer Oaths (18 U.S.C. 4004)"
[Stamp]

(9th Cir. 1928). Furthermore, a lack of formal "verification" should not be allowed to defeat prisoners' constitutional claims. Mr. Weirback's failure to swear to the truth of the allegations or to procure the signature of a notary public on the petition will not be held to defeat the petitioner's attempt to obtain redress. Thus, the Court finds that the petition substantially meets the requirements of 28 U.S.C. § 2242 and Rule 11, Federal Rules of Civil Procedure.

 The petitioner and his co-defendant were found guilty by a jury and sentenced by the presiding judge. Morris claims that his codefendant's homosexuality improperly influenced the judge in imposing sentence. Normally, if the sentence is set within the limits of the applicable statute, this Court is barred from any inquiry except in exceptional circumstances. *United States v. Martell*, 335 F.2d 764, 766 (4th Cir., 1964). However, since protection from arbitrary action is the essence of substantive due process, and imposing sentence on one defendant to reflect the situation of a co-defendant would be an arbitrary exercise of judicial power, the Court concludes that such a claim states a constitutional cause of action for which relief may be granted. *Cf. United States v. Maples*, 501 F.2d 985 (4th Cir., 1974); *Brown v. United States*, 483 F.2d 116 (4th Cir. 1973).

 Petitioner also claims that the parole board, in denying him parole in December 1973, abused its discretion by considering his marital status, his co-defendant's homosexuality, incorrect information on the nature of his offense, and his pending court action, and by failing to consider evidence relevant to his parole status. The Court's authority to review parole board determinations is narrowly circumscribed.

By the language of Title 18 U.S.C.A. § 4203, the Board of Parole is given absolute discretion in matters of parole. The courts are without power to grant a parole or to determine judicially eligibility for parole . . . Furthermore, it is not the function of the courts to review the discretion of the Board in the denial of application for parole or to review the credibility of reports and information received by the Board in making its determination.

*Tarlton v. Clark*, 441 F.2d 384, 385 (5th Cir. 1971), *quoted in Creason v. North Carolina Board of Paroles*, No. 75–1534 (4th Cir., June 3, 1975).

However, the due process clause of the Fifth Amendment to the United States Constitution does operate to limit and define permissible parole board procedural practice. *Bradford v. Weinstein*, 519 F.2d 728 (4th Cir., 1974). The Parole Board's discretion on whether to give weight to the petitioner's marital status or his peer group's composition is unreviewable. These are factual matters that may be relevant to the petitioner's status as a rehabilitated individual. Yet, the Parole Board does not have the power to consider the petitioner's court petitions for a writ of habeas corpus in their deliberations. Nor does the Parole Board have the authority to consider an erroneous account of the charge for which the petitioner was convicted. Prisoners have the right to unfettered access to the courts, and the right to have parole boards correctly assessed on the nature of their conviction. To hold otherwise would be to offend the traditional notions of justice and fair play that underlie the due process clause. *Cf. Hannah v. Larche*, 363 U.S. 420, 442, 80 S.Ct. 1502, 4 L.Ed.2d 1307 (1959).

 The defendant argues that the Court lacks subject matter jurisdiction to consider suits against the United States Board of Parole, for suits against the federal board can only be brought in the District of Columbia. In support of the contention two habeas corpus cases are cited: *Langston v. Ciccone*, 313 F. Supp. 56, 59–60 (W.D.Mo.1970) and *Head v. Kearney*, 142 F.Supp. 569, 570

(E.D.Tex.1956). Both cases assert as the justification for such a proposition that the United States Board of Parole is domiciled in the District of Columbia. These cases have no application to actions under 28 U.S.C. § 1361: "The district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff."[2] Venue is proper in any judicial district in which the defendant resides or the cause of action arose; both of these conditions are satisfied in the present action. 28 U.S.C. § 1391(e).

Finally, the petitioner asserts that the Parole Board has neglected to provide him with a second hearing within a timely period, and that prison officials have operated to restrict his ability to get his claims to court. He seeks injunctive relief on both counts. On the face of thee petitioner's complaint, however, both claims appear to be moot. A second parole hearing has apparently been held in June of this year, Pleadings p. 14, and, if so, injunctive relief is no longer appropriate. Similarly, it appears from the petition that Mr. Morris has succeeded in presenting his claims in at least two courts, Pleadings p. 8, and injunctive relief from limiting actions on the part of prison officials no longer appears necessary. Accordingly, both claims will be dismissed as moot, with leave granted to petitioner to amend his complaint if he believes these claims to have continuing substance. Cf. Preiser v. Newkirk, 422 U.S. 395, 95 S.Ct. 2330, 45 L.Ed.2d 272 (1975).

In conclusion, the respondent's motion to dismiss will be granted in part and denied in part. The petitioner's motion for summary judgment will be denied as to all issues of fact remaining in controversy.

An appropriate order will issue.

2. The Court also questions the validity of these cases in light of Braden v. 30th Judicial Circuit Court of Kentucky, 410 U.S. 484, 93 S.Ct. 1123, 35 L.Ed.2d 443 (1973).