802 F.2d 460
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
MARVIN STONE, Petitioner-Appellant
v.
UNITED STATES OF AMERICA, Respondent-Appellee.
 No. 86-5003.
 United States Court of Appeals, Sixth Circuit.
 Aug. 6, 1986.
 
 1
 BEFORE: KEITH and GUY, Circuit Judges; and BALLANTINE, District Judge*
 
 ORDER
 
 2
 The petitioner appeals the order denying his motion to vacate sentence under 28 U.S.C. Sec. 2255. He now applies to this Court for release on bond pending appeal. That application was referred to this panel pursuant to Rule 9(a), Rules of the Sixth Circuit. Meanwhile, both parties have filed appellate briefs.
 
 
 3
 The petitioner was convicted by a jury on one count of conspiracy to defraud and three counts of mail fraud in violation of 18 U.S.C. Secs. 371 and 1341, respectively. He received a three-year sentence and a fine of $10,000 on the conspiracy conviction and suspended concurrent five-year sentences on each of the mail fraud convictions. The district court later modified the sentences to make the petitioner eligible for parole after eight months of imprisonment. A co-defendant convicted of the same offenses received a suspended three-year sentence and a $15,000 fine on the conspiracy conviction and concurrent one year and one day sentences on the mail fraud convictions. As a result, the co-defendant has already been released from federal custody while the petitioner remains incarcerated.
 
 
 4
 In this action under Sec. 2255, see United States v. Fields, 730 F.2d 460 (6th Cir. 1984), the petitioner asserts an equal protection argument. He claims the co-defendant was more involved in the fraudulent scheme than himself and thus is more culpable. He views the shorter sentence given the co-defendant as discriminatorily based on the fact the co-defendant is a Kentucky native represented by Kentucky counsel while the petitioner is a Canadian national represented by out-of-state counsel. The district court rejected that argument and denied relief. Although believing it should not give reasons for the sentences given in all cases, the district court noted the co-defendant's sentence was influenced by medical considerations not found in the petitioner's case.
 
 
 5
 There is no Constitutional requirement that persons convicted of the same offenses receive identical sentences. Williams v. Illinois, 399 U.S. 235, 243 (1970). Trial courts have the discretion to sentence co-defendants to different terms of imprisonment and the disparity of such sentences does not by itself constitute an abuse of discretion. See United States v. Chiago, 699 F.2d 1012, 1014 (9th Cir.), cert. denied, 464 U.S. 854 (1983); United States v. Cardi, 519 F.2d 309, 315-16 (7th Cir. 1975).
 
 
 6
 Although the petitioner challenges the district court's observation that medical considerations explain the disparity in the sentences given the petitioner and his co-defendant, we conclude he has not raised a viable claim of denial of equal protection. Absent concrete evidence that a disparity in sentences can be explained only by discrimination based upon impermissible factors, see, e.g., United States v. Maples, 501 F.2d 985 (4th Cir. 1974), we are unwilling to review sentences that otherwise are within statutory limits. See United States v. Barbara, 683 F.2d 164 (6th Cir. 1982). We do not perceive such concrete evidence in this case.
 
 
 7
 Upon examination of the record and briefs, this panel agrees unanimously that oral argument is not needed in this appeal. Rule 34(a), Federal Rules of Appellate Procedure.
 
 
 8
 It is therefore ORDERED that the district court's order of December 16, 1985, denying relief to the petitioner be and it hereby is affirmed. Rule 9(d)(3), Rules of the Sixth Circuit.
 
 
 9
 It is further ORDERED that the application for release on bond pending appeal be and it hereby is denied as moot.
 
 
 
 *
 The Honorable Thomas A. Ballantine, U.S. District Judge for the Western District of Kentucky, sitting by designation