**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Charles Ellis MCMILLON, Jr.,**
**Defendant–Appellant.**

No. 01–3982.

United States Court of Appeals,
Sixth Circuit.

March 3, 2004.

Before MARTIN and CLAY, Circuit Judges; and MILLS, District Judge.*

## ORDER

Charles E. McMillon, Jr., appeals his judgment of conviction and sentence. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

McMillon pleaded guilty to armed bank robbery in violation of 18 U.S.C. §§ 2113(a)(d) and 2. He also pleaded guilty to brandishing a firearm during a crime of violence in violation of 18 U.S.C. §§ 924(c)(1)(A)(ii) and 2. The district court sentenced McMillon to 154 months of imprisonment and 4 years of supervised release. The district court also ordered McMillon to pay $11,586.00 in restitution.

On appeal, McMillon's counsel has filed a motion to withdraw and a brief pursuant to *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). McMillon has responded to his counsel's motion

* The Honorable Richard Mills, United States District Judge for the Central District of Illinois, sitting by designation.

to withdraw. In that response, McMillon claims that trial and appellate counsel rendered ineffective assistance.

Upon review, we hereby grant counsel's motion to withdraw as it reflects that counsel has reviewed the entire record and proceedings and concluded that no grounds for appeal can be sustained. Although believing the appeal to be without merit, counsel submits the following issues for review: 1) whether trial counsel rendered ineffective assistance so as to render McMillon's guilty plea involuntary; 2) whether the district court erred in finding a sufficient factual predicate to accept McMillon's guilty plea to brandishing a firearm during a crime of violence; and 3) whether McMillon was denied equal protection of the law by receiving a greater sentence than his co-defendant.

■ To the extent that McMillon might wish to assert an ineffective assistance of counsel claim, that claim is not reviewable in this proceeding. Generally, ineffective assistance of counsel claims are not cognizable in a direct criminal appeal because the record is inadequate to permit review, and hence they are more properly raised in a motion to vacate under 28 U.S.C. § 2255. *United States v. Shabazz*, 263 F.3d 603, 612 (6th Cir.2001); *United States v. Neuhausser*, 241 F.3d 460, 474 (6th Cir. 2001). The customary procedure is to permit the defendant to raise his ineffectiveness of counsel claim in a proper postconviction proceeding under 28 U.S.C. § 2255, where, if necessary, additional evidence, including an evidentiary hearing, may be permitted. *Massaro v. United States*, 538 U.S. 500, 123 S.Ct. 1690, 1694, 155 L.Ed.2d 714 (2003); *United States v. Tucker*, 90 F.3d 1135, 1143 (6th Cir.1996). There exists no justification for departing from the customary procedure in this case.

■ Our independent review of the record reveals that McMillon entered into a valid plea agreement. A plea is valid if it is entered knowingly, voluntarily, and intelligently, as determined under the totality of the circumstances. *Brady v. United States*, 397 U.S. 742, 749, 90 S.Ct. 1463, 25 L.Ed.2d 747 (1970); *Boykin v. Alabama*, 395 U.S. 238, 242–44, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969). The record should reflect a full understanding of the direct consequences so that the plea represents a voluntary and intelligent choice among the alternatives. *North Carolina v. Alford*, 400 U.S. 25, 31, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970).

The district court, by complying with the requirements of Fed.R.Crim.P. 11, properly determined that McMillon knowingly and voluntarily entered his guilty plea. Rule 11 ensures that a defendant pleading guilty understands his applicable constitutional rights, that his plea of guilty is voluntary with a full understanding of the nature of the crime charged and the consequences of his guilty plea, and that a factual basis exists for the crime to which the plea is being offered. *United States v. Goldberg*, 862 F.2d 101, 106 (6th Cir.1988).

At the plea hearing, the district court very carefully reviewed with McMillon the provisions of the plea agreement, the rights he was waiving, and the maximum penalties he faced under the applicable statute. The district court read the charges and explained the consequences of McMillon's plea in terms of the possible length of sentence. McMillon told the district court that he understood the charges and the consequences of his plea. McMillon stated that he understood the rights he was waiving and acknowledged his guilt by admitting under oath the facts establishing the essential elements of the offenses. Thus, the court met the requirements of Fed.R.Crim.P. 11. Consequently, the record reveals that McMillon knowingly, intelligently, and voluntarily pleaded guilty.

A voluntary and unconditional guilty plea waives all non-jurisdictional defects in the proceedings. *United States v. Cottage,* 307 F.3d 494, 499 (6th Cir.2002); *United States v. Ormsby,* 252 F.3d 844, 848 (6th Cir.2001); *see also Tollett v. Henderson,* 411 U.S. 258, 267, 93 S.Ct. 1602, 36 L.Ed.2d 235 (1973) (holding that a defendant who has pleaded guilty waives his right to appeal constitutional violations that occurred prior to the guilty plea). Thus, because of the conclusion in the immediately preceding paragraph, we hold that McMillon's "essential element" and "equal protection" claims are waived.

■ In any event, McMillon's "essential element" claim is meritless. McMillon contends that the district court erred in finding a sufficient factual predicate to accept McMillon's guilty plea to brandishing a firearm during a crime of violence because he did not have a firearm when he and his co-defendant robbed the bank. A defendant is liable as an aider and abettor for use of a firearm in relation to a crime of violence when his accomplice uses a firearm in relation to jointly undertaken criminal activity. *United States v. Bandy,* 239 F.3d 802, 807–08 (6th Cir.2001). To be convicted as an aider and abettor, the government had to prove that McMillon offered "assistance or encouragement to his principal in the commission of a substantive offense." *United States v. Webber,* 208 F.3d 545, 553 (6th Cir.2000) (quoting *United States v. Ledezma,* 26 F.3d 636, 642 (6th Cir.1994)). Aiding and abetting requires that a defendant associate himself with the venture, that he participates in it as something he wishes to bring about, and that he seeks by his action to make it succeed. Thus, aiding and abetting involves: 1) an act by a defendant which contributes to the execution of a crime; and 2) the intent to aid in its commission.

*United States v. Lowery,* 60 F.3d 1199, 1202 (6th Cir.1995).

McMillon, under oath, told the district court that he entered the bank and participated in a robbery where he knew that his accomplice would brandish a firearm. Thus, there was ample evidence to support the district court's finding of a factual predicate for McMillon's guilty plea to brandishing a firearm during a crime of violence.

■ Similarly, McMillon's "equal protection" claim is meritless. McMillon argues that the disparity between the sentence he received and the sentence received by his accomplice is so great that it constitutes an equal protection violation. Absent concrete evidence that a disparity in sentences can be explained only by discrimination based upon impermissible factors, *see, e.g., United States v. Maples,* 501 F.2d 985, 987 (4th Cir.1974), this court is generally unwilling to review sentences that otherwise are within statutory limits. *See United States v. Barbara,* 683 F.2d 164, 166 (6th Cir.1982). No such concrete evidence exists in this case. The record reflects that McMillon received the greater sentence because he had a significantly greater criminal history category than did his accomplice. In addition, McMillon's accomplice was granted a downward departure for his cooperation. McMillon was not. Therefore, the disparity in sentences between McMillon and his accomplice is entirely attributable to the difference in criminal history and the question of substantial assistance and not attributable to a violation of McMillon's constitutional rights. The district court properly sentenced McMillon in accordance with the parties' plea agreement.

We have further examined the record in this case, including the transcripts of

McMillon's guilty plea hearing and sentencing hearing, and found no reversible error apparent from the record.

Accordingly, we grant counsel's motion to withdraw and affirm the district court's judgment pursuant to Rule 34(j)(2)(C), Rules of the Sixth Circuit.