Albert P. HUGHES, Petitioner-Appellant,

v.

John C. BURKE, Warden, Wisconsin State Prison, Respondent-Appellee.

No. 14475.

United States Court of Appeals Seventh Circuit.

July 23, 1964.

John A. Kluwin, Milwaukee, Wis., for appellant.

William A. Platz, Madison, Wis., for appellee.

Before SCHNACKENBERG, KNOCH and CASTLE, Circuit Judges.

KNOCH, Circuit Judge.

This case was decided in the United States District Court on the amended petition of petitioner-appellant, Albert P. Hughes, filed in forma pauperis, for writ of habeas corpus; the response of John C. Burke, Warden, Wisconsin State Prison, respondent-appellee; and petitioner's reply thereto.

This Court appointed counsel to represent petitioner in his appeal from the District Court's denial of writ of habeas corpus. On stipulation of counsel for the parties, waiving oral argument, the appeal was submitted to this Court on the record and briefs of the parties.

It appears from the record and the briefs before us that petitioner was serving a sentence of one to five years imposed by the Circuit Court of Milwaukee County, on July 11, 1958, for violation of the Wisconsin Statutes, § 943.38 (forgery). He was released on parole in a conditional release status on October 10, 1961, pursuant to § 53.11(7) of the Wisconsin Statutes. On February 25, 1963, that parole was revoked by order of the Wisconsin State Department of Public Welfare under authority of § 57.06(3). Petitioner was returned to the Wisconsin State Prison, March 8, 1963, to serve the remainder of his sentence, with a new tentative conditional release date of April 8, 1964, and a final discharge date of December 9, 1964. In his brief, petitioner states that he was credited with time off for good behavior and released again on a conditional basis on February 11, 1964.

His theory is that the good time credit he had earned, prior to his conditional release in October, 1961, had become his as a matter of right and was not subject to revocation. He contends that he should have had a hearing, with advice of counsel, prior to revocation, that it was improper to make such revocation, as here was done, ex parte on the report of his Parole Officer. The Parole Officer based his recommendation, according to

petitioner, on the grounds that petitioner:

1. engaged in gambling
2. changed his place of residence without the prior approval of the parole officer, having been specifically advised to obtain such approval
3. associated with known parolees and probationers.
4. frequented taverns
5. failed to adequately seek employment.

Petitioner states that he was in the hospital, to which he was moved from the Milwaukee County Jail, where he was in custody after arrest on suspicion of forgery, and so was unable to keep his scheduled appointment with his Parole Officer on February 5, 1963. Meanwhile, however, the Parole Officer, on February 4, 1963, had made a home visit to petitioner's last reported address and had discovered that petitioner had moved, contrary to his instructions, leaving no forwarding address. On February 19, 1963, the Parole Officer interviewed petitioner in the Milwaukee County Jail to which petitioner states he was returned from the hospital, and where he states he was being held for violation of parole. After this interview the Parole Officer wrote a report on the case including the above-mentioned recommendation for revocation of parole.

Comparison of the Wisconsin Statutes with the federal law discloses no substantial difference with respect to conditional release from prison. This Circuit, among others, has sustained the federal law against constitutional attack. Dolan v. Swope, 7 Cir., 1943, 138 F.2d 301.

The Wisconsin Statutes, § 53.11 (2a) provide that the Department may forfeit all or part of the good time previously earned for violation of the conditions of parole whether or not the parole is revoked.

In Carroll v. Squier, 9 Cir., 1943, 136 F.2d 571, cited by petitioner, the Court did say (at page 573) that good time earned may be enforced by habeas cor-

pus, but also stated that the parolee's liberty was contingent on good behavior and that he might lose his good time under Title 18 U.S.C. § 713 and § 716b (now embodied in amended form in §§ 4163, 4165, 4203 and 4204). Good time allowances are subject to forfeiture for conduct after release. Miller v. Taylor, 10 Cir., 1962, 313 F.2d 21, 22.

■ Similarly, the Wisconsin Supreme Court, discussing the Wisconsin conditional release, stated that an inmate has a right to earn good time, but an inmate given a conditional release who violates his parole may be returned to serve out the remainder of his sentence, which is deemed to be the amount of good time previously earned. State ex rel. Stenson v. Schmidt, 1964, 22 Wis.2d 314, 316–317, 125 N.W.2d 634.

■ The Wisconsin Supreme Court also explained that conditional release is a parole of right. An inmate who has served the term for which he is sentenced less good time earned must be given a conditional release, notwithstanding that he may have been eligible for parole under other sections of the statute and parole not granted.

■ In Fleming v. Tate, 1946, 81 U.S. App.D.C. 205, 156 F.2d 848, 849, on which petitioner relies, the Court granted hearing, with the right to appear by counsel (but not the right to have counsel assigned) as a matter of statutory construction, stressing the fact that:

"The question is one of statutory construction. No constitutional right is involved, as parole is a matter of grace. [citations omitted] The statute [D.C.Code (1940) § 24–206] requires that after a paroled prisoner is arrested for violation of his parole, he 'shall be given an opportunity to appear before said Board'. The District Court held that this provision means an effective appearance, and thus necessarily means the presence of counsel if the prisoner so elects, and the receipt of testimony if he has testimony to present."

Unlike that of the District of Columbia, the Wisconsin legislature has not provided for such hearing.

The order of the District Court denying the petition for writ of habeas corpus is affirmed.

This Court is grateful to Mr. John A. Kluwin of the Wisconsin bar for his able representation of the appellant as Court-appointed counsel.

Affirmed.