Wayne C. BRANSTED, Plaintiff,

v.

Wilbur J. SCHMIDT, Secretary of Department of Health and Social Services, Robert W. Warren, Attorney General, State of Wisconsin, and Hon. Hugh R. O'Connell, Judge of Circuit Court, Br. #17, Criminal Division, Milwaukee County, Wis., Defendants.

No. 70-C-283.

United States District Court,
W. D. Wisconsin.

April 15, 1971.

Wayne C. Bransted, pro se.

William A. Platz, Asst. Atty. Gen., Madison, Wis., for defendants.

## OPINION AND ORDER

JAMES E. DOYLE, District Judge.

This is a civil action for damages and injunctive relief. In his complaint, plaintiff alleges that on April 1, 1969, his parole was revoked without being preceded by a constitutionally valid hearing; that he was taken into custody on October 1, 1969; that he was confined in jail from October 1, 1969, to June 9, 1970, when he pleaded guilty to certain charges; that the period between October 1, 1969, and June 9, 1970, did not count against the sentence from which he had been paroled; and that the June 9, 1970, proceedings conducted before defendant O'Connell were unfair because Judge O'Connell was "personally prejudiced" against plaintiff. In an amendment to his complaint, plaintiff alleges further that Judge O'Connell's court was without jurisdiction. Plaintiff seeks the following relief: (1) a "discharge from the alleged parole violation"; (2) $10,000 in damages for the time spent in Milwaukee County Jail; and (3) an order from this court vacating plaintiff's pleas entered and sentences received at the June 9 hearing. Plaintiff has filed a motion to voluntarily dismiss defendant Warren; defendants have filed motions to dismiss the entire action. Jurisdiction is alleged under 28 U.S.C. § 1343; 42 U.S.C. § 1983.

■ Since defendants have filed neither a responsive pleading nor an answer, plaintiff may dismiss defendant Warren without leave of court. Federal Rules of Civil Procedure 15(a), 41(a); see generally 2B W. Barron & A. Holtzoff, Federal Practice and Procedure § 911 at 102–103 (Rules ed. 1961). Accordingly, this action is dismissed as to defendant Warren.

■ The remaining defendants have moved to dismiss those portions of the amended complaint dealing with plaintiff's guilty pleas and sentences in de-

fendant O'Connell's court on the ground that this court lacks jurisdiction. Plaintiff seeks to have his guilty pleas and sentences vacated on the grounds that defendant O'Connell was biased and was without jurisdiction to hear his case, thereby rendering plaintiff's pleas and sentences constitutionally invalid. Plaintiff is claiming that his custody is in violation of the Constitution of the United States. 28 U.S.C. § 2241(c) (3). Those portions of his amended complaint dealing with his June 9, 1970, appearance in Judge O'Connell's court are what may be characterized as "traditional habeas corpus." Edwards v. Schmidt, 321 F.Supp. 68, 70 (W.D.Wis.1971). An application for habeas corpus relief "may be filed in the district court for the district wherein such person is in custody or in the district court for the district within which the State court was held which convicted and sentenced him * * *." 28 U.S.C. § 2241(d). I take notice that plaintiff is confined in Waupun and was convicted and sentenced in Milwaukee, both of which cities are located in the Eastern District of Wisconsin. 28 U.S.C. § 130(a). Accordingly, those portions of the amended complaint concerning plaintiff's June 9, 1970, appearance in Judge O'Connell's court are dismissed for lack of jurisdiction.

■ Defendant O'Connell has moved to dismiss plaintiff's claim for damages against him on the ground of judicial immunity. In support of his position, defendant cites Pierson v. Ray, 386 U.S. 547, 87 S.Ct. 1213, 18 L.Ed.2d 288 (1967). *Pierson* established that 42 U.S.C. § 1983 did not abrogate the common law immunity of judges for acts done within the scope of their jurisdiction. 386 U.S. 547, 553–555, 87 S.Ct. 1213. However, it is important to note that judicial immunity does not extend to acts clearly outside a judge's jurisdiction. *Pierson, supra*, 386 U.S. at 554, 87 S.Ct. 1213; Bradley v. Fisher, 13 Wall. 335, 80 U.S. 335, 351–354, 20 L.Ed. 646 (1871); Bauers v. Heisel, 361 F.2d 581, 590–591 (3rd Cir. 1966); Spires v. Bottorff, 317 F.2d 273 (7th Cir. 1963).

■ In his amended complaint, plaintiff alleges "That the trial court lacked jurisdiction over the person and subject matter." More specifically, plaintiff alleges the following: "However, plaintiff must, and does, allege a very important jurisdictional error, the error of personal prejudice." It thus appears from the complaint that plaintiff contends that Judge O'Connell's alleged bias deprived the court of jurisdiction. There is no authority for such a position; indeed, judicial immunity has been held applicable even when the judge is accused of acting maliciously or corruptly. *Pierson, supra*, 386 U.S. at 554, 87 S.Ct. 1213. Accordingly, the claim against Judge O'Connell for damages is hereby dismissed for failure to state a claim upon which relief can be granted.

■ Defendant O'Connell moves to dismiss the allegations in the complaint dealing with a parole revocation hearing on the ground that the allegations fail to state a claim against him. A close examination of the complaint shows the following to be the only allegations concerning the holding of a parole revocation hearing:

"4C. That there is, in fact, no parole revocation hearing held as in the case of this Plaintiff. That the records indicate that Plaintiff's parole was revoked on the 1st day of April, 1969 (with the parole agent not knowing the whereabouts of Plaintiff), and on the 1st day of October, 1969, Plaintiff was taken into custody by members of the Milwaukee Police Department. In fact, from the 1st day of October, 1969, until the 16th day of June, 1970, Plaintiff had no hearing with respect to his parole status. A state of limbo where time had no meaning, as from the alleged day in October until the alleged day in June, there was no credit given for this period of time. Since the *parole authorities* had known the whereabouts of Plaintiff, from the 1st day of October, 1969, they most certainly could have conducted a hearing long before the 16th day of June, 1970,

That when a hearing was held, Plaintiff was not allowed to attend such hearing, not allowed to face his accusors nor allowed to face the allegations brought against him. Therefore, it must, and shall, be alleged that the allegations thus presented are in violation of the Fourth, Fifth, Sixth, Eighth and Fourteenth Amendments to the United States Constitution." (emphasis added).

The reference to "the parole authorities" provides the only clue to the identification of the defendants; the only defendant connected by the complaint to the parole authorities is defendant Schmidt:

"4A. That Wilbur J. Schmidt, Secretary of Department of Health and Social Services, functions as an administrative official, and, in fact, not that of a judicial officer. Yet, in fact, Mr. Schmidt is allowed to determine probable cause, in that, he, Mr. Schmidt, is allowed to sign a warrant for the apprehension of an alleged parole violator."

The complaint and amendment contain no mention of defendant O'Connell as a parole authority. Accordingly, defendant O'Connell is hereby dismissed from this action. See Davis v. Lindsay, 321 F.Supp. 1134, 1139 (S.D.N.Y.1970).

The remaining allegations concern defendant Schmidt's role in the parole revocation and the denial of credit for the time spent in Milwaukee County Jail between October 1, 1969, and June 9, 1970. Schmidt has moved to dismiss these allegations for failure to state a claim upon which relief can be granted because they seek relief for which a habeas corpus petition is the appropriate remedy.

Earlier in this opinion, I set forth the allegations concerning defendant Schmidt, the parole revocation, and the "no-credit period" in the Milwaukee County Jail. I must now determine whether, given those allegations, "plaintiff can prove [any] set of facts in support of his claim which would entitle

him to relief." Conley v. Gibson, 355 U.S. 41, 45–46, 78 S.Ct. 99, 102, 2 L.Ed. 2d 80 (1957). I have determined that this complaint does not state a claim against defendant Schmidt with regard to the "no-credit period" issue. Plaintiff nowhere in his complaint alleges, directly or indirectly, that defendant Schmidt was responsible for the no-credit period. The only allegation is that "A state of limbo where time had no meaning, as from the alleged day in October until the alleged day in June, there was no credit given for this period of time." This allegation does not name defendant Schmidt personally, in his official capacity as Secretary of the Department of Health and Social Services, or generally as a "parole authority." Accordingly, defendant Schmidt's motion to dismiss the allegation of the complaint dealing with the no-credit period is hereby granted. See Davis v. Lindsay, *supra*.

However, I find that plaintiff has stated a claim against defendant Schmidt with regard to the issue of a hearing prior to parole revocation. Plaintiff's complaint alleges that his parole was revoked on April 1, 1969, and that he had no hearing of any kind prior to that date.

The Seventh Circuit Court of Appeals has held that there is no constitutional right to a hearing in the case of a parole revocation. Starnes v. Markley, 343 F. 2d 535, 537 (7th Cir. 1965); Richardson v. Markley, 339 F.2d 967, 969 (7th Cir. 1965); Glass v. Markley, 339 F.2d 970, 972 (7th Cir. 1965); Hodge v. Markley, 339 F.2d 973, 974 (7th Cir. 1965); Hughes v. Burke, 334 F.2d 795, 797 (7th Cir. 1964). All of these cases, with the exception of *Hughes,* concerned federal parolees' revocation hearings which are governed by statute: 18 U.S.C. § 4207. *Richardson,* the cornerstone of this row of cases, is based on the privilege-right distinction, as is *Hughes.* See Goolsby v. Gagnon, 322 F.Supp. 460, 465–466 (E.D.Wis.1971). The odious dichotomy between privilege and right, in the area of probation revocation, has been oblit-

erated by the requirements of essential due process. Hahn v. Burke, 430 F.2d 100, 103 (7th Cir. 1970), petition for cert. filed, 39 U.S.L.W. 3281 (U.S. Dec. 18, 1970) (No. 1127), and cases cited therein. I believe that *Hahn* so seriously undercut *Hughes* and the *Richardson* line of cases as to eradicate their binding effect on this court. *Cf.* Rowe v. Peyton, 383 F.2d 709, 714 (4th Cir. 1967), aff'd sub nom. Peyton v. Rowe, 391 U.S. 54 (1967).

 Hahn v. Burke held that due process requires at least a minimal hearing at which a probationer may have "a reasonable opportunity to explain away the accusation that he had violated the conditions upon which his probation was granted." 430 F.2d at 104. I find that there is no significant distinction between probative revocation and parole revocation in terms of the crucial element of loss of liberty. Goolsby v. Gagnon, *supra,* 322 F.Supp. at 464; State ex rel. Johnson v. Cady, 185 N.W.2d 306 (Wis.Sup.Ct., 1971). Therefore, I hold that due process requires that prior to parole revocation, a hearing must be held at which a parolee may have a reasonable opportunity to explain away the accusation that he has violated the conditions upon which his parole was granted. Accordingly, I hold that the complaint states a claim against defendant Schmidt insofar as it alleges that Schmidt, as a parole authority, did not conduct a hearing prior to plaintiff's parole revocation.

 Defendant Schmidt's final contention is that this action should be dismissed because it is actually a habeas corpus petition, and 42 U.S.C. § 1983 cannot be used to circumvent the exhaustion requirement of 28 U.S.C. § 2254(b). I have discussed the exhaustion of state remedies doctrine in Edwards v. Schmidt, 321 F.Supp. 68, 70–77 (W.D.Wis.1971). Since the plaintiff herein is not attacking his trial nor sentencing in the state courts, and since he is not seeking to avoid the present ef-

fects on him of a state court judgment, the allegations in his complaint concerning his parole revocation need not be raised before state courts nor state administrative agencies before being presented to this court. 321 F.Supp. at 77.