**Tommy G. SHEAD, Petitioner-Appellant,**

v.

**Donald L. QUATSOE, Respondent-Appellee.**

**Muriel Douglas BLACK, Petitioner-Appellant,**

v.

**Wilbur SCHMIDT et al., Respondents-Appellees.**

**Nos. 72-1830, 72-1849.**

United States Court of Appeals, Seventh Circuit.

Argued Sept. 11, 1973.

Decided Oct. 24, 1973.

Charles Vetzner, Correctional Legal Services, Madison, Wis., A. Frank Putz, Milwaukee, Wis., Dennis Egre, Correctional Intern, Madison, Wis., for petitioners-appellants.

Robert W. Warren, Atty. Gen., William A. Platz, Asst. Atty. Gen., Madison, Wis., for respondents-appellees.

Before KILEY, FAIRCHILD and STEVENS, Circuit Judges.

PER CURIAM.

Each petitioner claims that the failure to appoint counsel to represent him at his parole revocation hearing deprived him of due process. The district court denied both petitions for habeas corpus. While the appeals were pending here, the Supreme Court considered the question whether counsel must be appointed in such hearings. Gagnon v. Scarpelli, 411 U.S. 778, 93 S.Ct. 1756, 36 L.Ed.2d 656. The question we must now decide is the extent to which *Scarpelli* applies retroactively.

In *Scarpelli* the Supreme Court reversed our holding in Gunsolus v. Gagnon, 454 F.2d 416 (1971), that due process mandates the appointment of counsel at all revocation hearings. In the pending cases, the district court correctly held that an inflexible rule requiring counsel

in all such hearings should not be applied retroactively. *Cf.* Zizzo v. United States, 470 F.2d 105 (7th Cir. 1972). Under the Supreme Court's analysis in *Scarpelli,* however, the retroactivity issue is quite different.

In *Scarpelli* the Court concluded that the appointment of counsel is "constitutionally unnecessary in most revocation hearings." 411 U.S. at 790, 93 S.Ct. at 1763. The Court did not hold, however, that counsel is never required. Consistently with its earlier analysis in Morrissey v. Brewer, 408 U.S. 471, 482, 92 S. Ct. 2593, 33 L.Ed.2d 484, the Court noted that the revocation of parole or probation is a serious deprivation of liberty to which the due process clause is applicable, 411 U.S. at 782, 93 S.Ct. 1756 and expressly stated that in some cases "fundamental fairness—the touchstone of due process—will require that the State provide at its expense counsel for indigent probationers or parolees." *Id.* at 790, 93 S.Ct. at 1763.

■ As it had in *Morrissey,* the Court endeavored to provide the responsible state agencies with standards to be followed in future proceedings.[1] These specific admonitions are in terms addressed to the parole authorities rather than the courts, and therefore arguably have only prospective application. Nevertheless, the basic analysis in the opinion indicates that if "fundamental fairness—the touchstone of due process" was offended by a revocation which happened to precede the date of the *Scarpelli* decision, the date of the revocation hearing should not necessarily foreclose

relief. Just as the wide variations in the peculiarities of particular cases foreclose the use of an inflexible rule for deciding the merits of a claim that counsel was improperly refused, we believe that the fundamental fairness concept forecloses reliance on the date of the *Scarpelli* decision as an inflexible bar to relief.

The same reasoning forecloses reliance on the date of the decision in Morrissey v. Brewer, 408 U.S. 471, 92 S.Ct. 2593, 33 L.Ed.2d 484, as invariably providing a sufficient response to any claim that an earlier revocation without any hearing at all violated due process. In *Zizzo* we held that the specific requirements set out in Part III of *Morrissey* do not apply to revocations prior to June 29, 1972. 470 F.2d 105, 108. Nevertheless, it is entirely possible that an earlier revocation without any hearing might for that reason have been so fundamentally unfair that relief is required.

■ Without intimating any views on the merits of either petitioner's claim, we have therefore decided to remand both cases to the district court to determine whether, in the light of the *Scarpelli* decision, further proceedings are necessary. On remand in each case, both the petitioner and the respondent should have an opportunity to amend or supplement the papers filed in the district court.

As counsel for the state acknowledges, in Black's case the warden's return leaves certain questions unanswered. Black's parole was revoked on July 22, 1970, on the ground that he had a loaded

---

1. "The facts and circumstances in preliminary and final hearings are susceptible of almost infinite variation, and a considerable discretion must be allowed the responsible agency in making the decision. Presumptively, it may be said that counsel should be provided in cases where, after being informed of his right to request counsel, the probationer or parolee makes such a request, based on a timely and colorable claim (i) that he has not committed the alleged violation of the conditions upon which he is at liberty; or (ii) that, even if the violation is a matter of public record or is uncontested, there are substantial reasons which justified or mitigated the violation and make revocation inappropriate, and that the reasons are complex or otherwise difficult to develop or present. In passing on a request for the appointment of counsel, the responsible agency also should consider, especially in doubtful cases, whether the probationer appears to be capable of speaking effectively for himself. In every case in which a request for counsel at a preliminary or final hearing is refused, the grounds for refusal should be stated succinctly in the record." 411 U.S. at 790–791, 93 S.Ct. at 1764.

pistol in his possession on December 22, 1969. Black has alleged that he was then arrested on an armed robbery charge, that he was not guilty of that offense, and that the charge was ultimately dismissed. Or course, it is perfectly clear that petitioner may not have committed an armed robbery but may nevertheless have violated the terms of his parole by possessing a loaded pistol. His vigorous denials of the robbery charge are not, therefore, necessarily relevant in this proceeding. If the records relating to the parole revocation establish that the violation of the parole condition—as distinguished from the alleged violation of the law—was uncontested, then entirely apart from the non-retroactivity ground relied upon by the district court, the dismissal of the petition would be proper under *Scarpelli*. We believe, however, that the issue of fundamental fairness should be addressed in the first instance by the district court on a more complete record in the light of the *Scarpelli* opinion.

Similarly, in Shead's case, even though the factual basis for the revocation is adequately disclosed by the record, the parties' concentration on the retroactivity issue may have resulted in a failure to evaluate the alternative basis on which fundamental fairness will in some instances require the appointment of counsel. Even if the violation is a matter of public record, or is uncontested, there may be substantial ground for opposing revocation which only counsel can adequately present. Shead, who had been placed on parole as a result of a conviction for uttering bad checks, violated a prohibition against associating with females under 18 years of age. We do not suggest that the condition was improper or that mitigating circumstances justified his violation. But as in Black's case, we believe the district court should address the issue in the first instance in the light of *Scarpelli*. Again, we believe the parties should be permitted to supplement the record on remand in the light of that opinion.

In each case, therefore, the order of the district court denying the petition for a writ of habeas corpus is vacated and the cause is remanded for such further proceedings as may be appropriate in the light of *Scarpelli*.