**Clarence WITZEL, Plaintiff,**

**v.**

**Donald QUATSOE et al., Defendants.**

**No. 72–C–253.**

United States District Court,
E. D. Wisconsin.

March 4, 1975.

Order April 25, 1975.

Legal Aid Society by Thomas R. Cannon, Morton M. Grodsky, Jordon B. Reich, Milwaukee, Wis., for plaintiff.

Bronson C. LaFollette, Atty. Gen., by Michael R. Klos, Asst. Atty. Gen., Madison, Wis., for defendants.

### DECISION and ORDER

MYRON L. GORDON, District Judge.

This matter is before me on the parties' cross-motions for summary judgment. Citing Wolff v. McDonnell, 418 U.S. 539, 94 S.Ct. 2963, 41 L.Ed.2d 935 (1974), and Steele v. Gray, 64 Wis.2d 422, 219 N.W.2d 312, 223 N.W.2d 614 (1974), the plaintiff challenges certain 1971 prison disciplinary proceedings on due process grounds. The parties have stipulated with respect to the following facts:

"1. That on July 16, 1971, plaintiff Clarence Witzel was an inmate at the Wisconsin State Reformatory at Green Bay, Wisconsin.

"2. That early in the morning of July 16, 1971, plaintiff was involved

---

in a fight with another inmate, Steve Borden, at the prison farm.

"3. That as a result of said fight, plaintiff was conveyed to the prison hospital at 6:45 A. M. on July 16, 1971. While at the hospital, plaintiff was orally informed that he would have to appear at a disciplinary hearing that day, but was not advised what charges, if any, he faced.

"4. Upon his release from the prison hospital, plaintiff was immediately taken before the Prison Disciplinary Committee in the afternoon of July 16, 1971. Said Committee consisted of defendants Donald Klusen, Kenneth Mathys, and one other member of the prison staff, all of whom were acting under the direction of defendant, Donald Quatsoe, Warden.

"5. At said hearing before the Prison Disciplinary Committee, plaintiff was not advised (1.) of any right to an attorney; (2.) of any right to confront his accusers and to examine or cross-examine them under oath; (3.) of any right to produce witnesses to testify on his behalf; (4.) of any right to remain silent and that statements made by him might be used against him in a court of law in a subsequent criminal proceeding; (5.) of any right to a transcript; (7.) of any right to a written decision, detailing the reasons for any action taken by the Disciplinary Committee.

"6. That at said hearing, plaintiff made no request with respect to the rights enumerated in paragraph 5, nor did he object at the time of the hearing to the denial of these alleged rights.

"7. That as a result of the disciplinary hearing above mentioned, plaintiff was placed in detention for five days and lost five days of accrued good time.

"8. That plaintiff has not been charged with a violation of any criminal statute as a result of the fight which occurred on July 16, 1971."

In Wolff v. McDonnell, 418 U.S. 539, 94 S.Ct. 2963, 41 L.Ed.2d 935 (1974), the United States Supreme Court determined that an inmate who is the subject of misconduct proceedings is entitled to receive advance notice of the claimed violation and "a written statement by the factfinders as to the evidence relied on and reasons' for the disciplinary action." 418 U.S. at 564, 94 S.Ct. at 2979.

The Supreme Court indicated that an inmate should be allowed to call witnesses, present documentary evidence, and confront and cross-examine adverse witnesses when such procedures would not jeopardize institutional safety or correctional goals. 418 U.S. at 567, 94 S.Ct. 2963. It also suggested that a counsel-substitute should be permitted to assist an inmate where he is illiterate or the issues are complex. 418 U.S. at 570, 94 S.Ct. 2963.

In Steele v. Gray, 64 Wis.2d 422, 428, 219 N.W.2d 312, 315, 223 N.W.2d 614 (1974), the Wisconsin supreme court determined that "the due process standards capsulized in *Morrissey* [v. Brewer, 408 U.S. 471, 481, 92 S.Ct. 2593, 33 L.Ed. 2d 484 (1972)] are to be applied in administrative hearings called for the purpose of considering the revocation of good time." Therefore, those procedures which *Wolff* left to the *discretion* of prison officials—*i. e.*, the opportunity to be heard in person and to present witnesses and documentary evidence, as well as the right to confront and cross-examine adverse witnesses— are now *required* in Wisconsin prisoner disciplinary proceedings. Indeed, the disciplinary rules now in effect in the Wisconsin state prison system provide for written notice, a staff advocate, the presentation of witnesses, cross-examination, and a written record of the reasons for the disciplinary committee's action.

The plaintiff seeks (1) a ruling declaring that the hearing conducted in July, 1971, violated his right to due process; (2) "a permanent injunction restraining the defendants from conducting future disciplinary hearings without

adequate notice and a fair opportunity to be heard;" (3) "a purge of plaintiff's record of any penalties imposed as a result of a proceeding before the Disciplinary Board in which plaintiff was denied adequate notice and a fair opportunity to be heard; and (4) "restoration of any 'good time' lost as a result of said disciplinary hearing, and credit for time spent by the plaintiff in solitary confinement."

The defendants concede that "the disciplinary process afforded the plaintiff in July, 1971, did not fully comply with the requirements established by the Supreme Court in *Wolff.*" However, they maintain that the plaintiff is entitled to no declaratory and injunctive relief because the disciplinary procedures now in effect in the Wisconsin state prison system comport with *Wolff* and *Steele,* and that he is not entitled to a "purge" of his record and a restoration of good time because "the *Wolff* requirements are not to be retroactively applied." See 418 U.S. at 577, 94 S.Ct. 2963.

In Steele v. Gray, 64 Wis.2d 422, at pp. 431–432, 219 N.W.2d 312, at p. 316, 223 N.W.2d 614 (1974), the Wisconsin supreme court held that:

"the requirement for '[a due process] hearing granted by this decision shall be prospective only except as to those petitions [or actions] on file in this court or any trial court in the state as of the date of this mandate.' State ex rel. Johnson v. Cady (1971), 50 Wis.2d 540, 556, 185 N.W.2d 306, 315.

"Until such time as a due process hearing is held, the good time, which was purportedly revoked, is restored . . . ."

This action was filed two years prior to the *Wolff* and *Steele* decisions. In my judgment, the plaintiff qualifies for the type of relief which was afforded by the Wisconsin supreme court in Steele v. Gray, 64 Wis.2d 422, 219 N.W.2d 312, 223 N.W.2d 614 (1974). Compare Preiser v. Rodriguez, 411 U.S. 475, 93 S.Ct. 1827, 36 L.Ed.2d 439 (1973).

Therefore, it is ordered that the defendants' motion for summary judgment be and hereby is denied.

It is also ordered that the plaintiff's motion for summary judgment be and hereby is granted in part and denied in part. The plaintiff's record shall be purged of any penalties imposed as a result of the challenged prison disciplinary proceedings and good time lost as a result of said proceedings shall be restored and the plaintiff shall receive credit for time spent in solitary confinement as a result of said proceedings unless, within 60 days from the date of this order, the defendants provide the plaintiff with a hearing which comports with the requirements of due process.

## ORDER

This case deals with the issue of what due process procedures must be afforded a prisoner in a disciplinary proceeding. In a decision and order dated March 4, 1975, I granted the plaintiff's motion for summary judgment in part and denied it in part. The following order issued:

"The plaintiff's record shall be purged of any penalties imposed as a result of the challenged [1971] prison disciplinary proceedings and good time lost as a result of said proceedings shall be restored and the plaintiff shall receive credit for time spent in solitary confinement as a result of said proceedings, unless, within 60 days from the date of this order, the defendants provide the plaintiff with a hearing which comports with the requirements of due process."

In Wolff v. McDonnell, 418 U.S. 539, 94 S.Ct. 2963, 41 L.Ed.2d 935 (1974), the United States Supreme Court determined that not all of the due process requirements which were set forth in Morrissey v. Brewer, 408 U.S. 471, 92 S.Ct. 2593, 33 L.Ed.2d 484 (1972) as the standards to be afforded a parolee or probationer in a revocation hearing are applicable in the context of a good time

revocation hearing. In addition, the Supreme Court ruled that the due process requirements of *Wolff* are prospective only.

Prior to the *Wolff* decision, however, the Wisconsin supreme court had incorporated all of the minimum due process requirements of Morrissey v. Brewer as the standards to be applied in good time revocation hearings in Wisconsin. Steele v. Gray, 64 Wis.2d 422, 219 N.W.2d 312, 223 N.W.2d 614 (1974). Moreover, it indicated at p. 431, 219 N.W.2d at p. 316 that

> "the requirement for '[a due process] hearing granted by this decision shall be prospective only except as to those petitions [or actions]. on file in this court or any trial court in the state as of the date of this mandate.'"

In reliance upon the Wisconsin supreme court's pronouncements in Steele v. Gray, I ordered the relief indicated on March 4, 1975. The judgment of this court issued on March 6, 1975.

In motions dated March 17, 1975, and filed on March 18, 1975, the defendants seek "an order to correct clerical error in the order entered on March 4, 1974 (March 4, 1975), pursuant to Rule 60, Federal Rules of Civil Procedure,"; also sought is "an order vacating, setting aside or amending the decision and order entered on March 4, 1974 (March 4, 1975) and entered thereon, pursuant to Rule 59(a)(2)." In the alternative, the defendants seek

> "an order modifying the opinion and order of March 4, 1974 (March 4, 1975), and any judgment entered thereupon, to reflect the mandate of the United States Supreme Court in Wolff v. McDonnell . . .; that such amendment would require the deletion or modification on pages 3 and 4 of the court's slip opinion of references to Steele v. Gray. . . ."

Finally, "if and only if the above motions are denied," the defendants request

> "an order amending the opinion and order . . . and any judgment thereupon to conform the denial of relief to the plaintiff to reflect with the mandate of Preiser v. Rodriguez, 411 U.S. 475 [93 S.Ct. 1827, 36 L.Ed.2d 439] (1973) which requires the plaintiff, who attacks the duration of his confinement, to seek habeas corpus relief and to first exhaust any state remedies."

The defendants' motions have been fully briefed. The defendants' motion pursuant to Rule 60(a) to correct the clerical error in the date of the March 4, 1975, order should be granted. To the extent that the remaining motions are based upon Rule 59, they are untimely, since they were filed later than 10 days after the entry of the judgment; however, construing the latter requests as a Rule 60(b) application for relief from judgment or order on grounds of mistake, inadvertence or excusable neglect, I conclude that such motions may be considered and should be granted in part and denied in part.

■ On a motion for rehearing in light of the decision of the United States Supreme Court in Wolff v. McDonnell, 418 U.S. 539, 194 S.Ct. 2963, 41 L.Ed.2d 935 (1974), the Wisconsin supreme court issued a per curiam opinion modifying its opinion in Steele v. Gray, 64 Wis.2d 422, 219 N.W.2d 312, 223 N.W.2d 614 (1974) "to afford prisoners at prison disciplinary proceedings those rights outlined in *Wolff* . . . ." See 64 Wis.2d at 431a, 223 N.W.2d at 615 (1974). Significantly, the Wisconsin supreme court observed that "Since the prisoners involved in this action were afforded no hearing whatsoever, the mandate set forth in the original opinion remains unchanged." See 64 Wis. 2d at 432, 223 N.W.2d at 616. Consequently, there is a limited exception to the prospective nature of the rule which the Wisconsin supreme court set forth in its original pre-*Wolff* decision in *Steele*, namely that retroactive relief is avail-

able to those prisoners who had petitions or actions "on file in this court or any trial court in the state as of the date of this mandate." 64 Wis.2d at 431a, 219 N.W.2d at 316. This exception appears to remain in effect after the court's rehearing.

The post-*Wolff per curiam* decision on rehearing in *Steele* was not previously called to the attention of this court. The defendants had argued, on the basis of an erroneous view of the law, that the Morrissey v. Brewer-type of procedural due process requirements mandated by the Wisconsin supreme court in the original *Steele* decision were superseded by the United States Supreme Court's subsequent decision in *Wolff* to afford prisoners in good time revocation hearings somewhat fewer procedural protections. Consequently, assuming that the existence of the December 4, 1974, *per curiam* decision modifying *Steele* was known to the defendants, it was consistent with their argument to disregard it.

■ Pursuant to the state court's decision on rehearing, I conclude that the order and judgment in this matter should be modified. Specifically, at the hearing which the defendants have been ordered to provide the plaintiff by May 6, 1975, the plaintiff is to be afforded those rights outlined in *Wolff*, as restated by the Wisconsin supreme court at 64 Wis. 2d at 431a–432, 223 N.W.2d 614. The Wisconsin supreme court has determined that the plaintiff, as one who had an action on file in a trial court in the state as of the date mandate, is entitled to benefit from the exception to the prospective nature of the *Steele* decision which was provided for by the Wisconsin supreme court at 64 Wis.2d at 431, 219 N.W.2d 312.

Therefore, IT IS ORDERED that the defendants' "motion to correct clerical error" be and hereby is granted. The clerk of court is directed to correct the date on the decision and order in this matter so that it reads "March 3, 1975."

IT IS ALSO ORDERED that the defendants' motions to alter or amend the judgment in this matter, construed here as a motion for relief from judgment or order pursuant to Rule 60(b), Federal Rules of Civil Procedure, be and hereby are granted in part and denied in part. The March 3, 1975, order granting the plaintiff's motion for summary judgment in part and denying it in part is modified to read:

"The plaintiff's record shall be purged of any penalties imposed as a result of the challenged prison disciplinary proceedings and good time lost as a result of said proceedings shall be restored and the plaintiff shall receive credit for time spent in solitary confinement as a result of said proceedings unless, within 30 days from the date of this modified judgment, the defendants provide the plaintiff with a hearing which comports with the requirements of due process as set forth in Steele v. Gray, 64 Wis.2d 422, at 431a–432 [223 N.W.2d 614]."