**Donald SILLMAN, Plaintiff,**

v.

**Wilbur J. SCHMIDT, Defendant.**

**No. 71–C–63.**

United States District Court,
W. D. Wisconsin.

May 19, 1975.

Edward Conley, Rice Lake, Wis., for plaintiff.

Bronson L. LaFollette, Wis. Atty. Gen. by James H. Petersen, Asst. Atty. Gen., Madison, Wis., for defendant.

## DECISION and ORDER

MYRON L. GORDON, District Judge.

This matter is before me on cross-motions for summary judgment. I conclude that as to each motion, summary judgment should be granted in part and denied in part.

These motions were referred to in an opinion and order dated May 30, 1974; in that opinion, district judge James E. Doyle reserved ruling on the cross-motions because the record was inadequately developed.

Subsequent to the May 30, 1974, ruling, the parties have submitted: (1) a stipulated transcript of the parole revocation hearing of May 25, 1971; (2) interrogatories filed on June 26, 1974 and answers to those interrogatories filed on July 5, 1974; (3) the affidavit of Donald Sillman dated June 24, 1974; (4) the deposition of Donald Sillman, taken on June 21, 1974; and (5) the affidavit of Ronald J. Jenkins, registrar of the Wisconsin correctional institution at Fox Lake, Wisconsin, executed on April 29, 1974.

The record in this case discloses that the facts set forth below are undisputed for purposes of Rule 56, Federal Rules of Civil Procedure.

## FACTS

The plaintiff, who had been released from the Wisconsin state prison on a discretionary parole, had his parole revoked on or about May 27, 1970. This revocation was ordered by the plaintiff's parole agent, Clarence Hadt, without a hearing.

After the plaintiff had been returned to prison, a decision was made on June 9, 1970, to terminate the plaintiff's earned good time credits "subject to the decision of the parole board." Deposition of Donald Sillman, ex. 1. Thereafter, on June 29, 1970, the parole board finalized the forfeiture of the plaintiff's accumulated good time credits. Deposition of Donald Sillman, ex. 2. While the parole board met with the plaintiff concerning the loss of good time credits shortly after he returned to prison, at such meeting the plaintiff was simply informed that his good time credits had been revoked. Deposition of Donald Sillman at 54.

A little less than one year after the plaintiff's parole had been revoked and his good time credits had been forfeited, a hearing on the parole revocation was held. This hearing took place at Waupun, Wisconsin, on May 25, 1971, before Donald R. Schneider, a hearing examiner for the department of health and social services.

Prior to the hearing, on May 10, 1971, Mr. Schneider mailed a notice of the hearing to the plaintiff. The plaintiff has acknowledged that he received the notice, and it is apparent from the plaintiff's deposition testimony that such notice was received at least 24 hours before the hearing.

The ground rules and object of the hearing as set forth in the May 10, 1971, notice were described as follows by the hearing examiner:

"I informed him [the plaintiff] of the fact that the purpose of the hearing would be to determine whether or not there was cause to have his parole revoked; and that he would not be permitted to have counsel represent him at the hearing; that he would be permitted to call material witnesses to testify in his behalf, but that any witnesses would have to appear voluntarily and at their own expense.

"I indicated that he would be permitted to question the representative of the Bureau of Probation and Parole and that the Representative of the Bureau would be permitted to question him on relevant matters.

"Also in that letter I set forth the grounds upon which the recommended revocation is based, and they were that

"(1) on May 27, 1970, he was at the home of a divorced woman in Eau Claire after having been instructed on April 2, 1970, in the presence of this woman, that it was a condition of his parole not to associate with her; and

"(2) that his adjustment continued to deteriorate as evidenced by giving false information as to his place of residence, losing two jobs as a result of absenteeism and failure to look for work after having his casts removed on May 20, 1970." Transcript of parole revocation hearing at 2.

In preparation for the hearing, the plaintiff made no attempt to contact potential witnesses with the exception of one Judy Melsness. The plaintiff, however, was apparently prohibited from contacting her. Nevertheless, the plaintiff has conceded that she would not have denied meeting with the plaintiff subsequent to April 2, 1970, in violation of a condition of the plaintiff's parole.

During the hearing, both Clarence Hadt, the plaintiff's parole officer, and the plaintiff testified and cross-examined one another. The plaintiff was permitted to give evidence in mitigation. No attorney was present.

Subsequently, on June 21, 1971, the hearing examiner ruled that the parole was properly revoked for the reasons stated. No mention was ever made during the hearing process of the lost good time credits.

## RIGHT TO A HEARING PRIOR TO PAROLE REVOCATION

■ The plaintiff was denied the right to a hearing prior to the revocation of his parole as required by Bransted v. Schmidt, 324 F.Supp. 1232, 1236 (W.D. Wis.1971), and State ex rel. Johnson v. Cady, 50 Wis.2d 540, 548, 185 N.W.2d 306 (1971). However, the parole revocation hearing of May 25, 1971, amply satisfied Mr. Sillman's rights to due process in connection with his parole revocation.

In May, 1970, the plaintiff was not entitled to the kind of parole revocation hearing prescribed by Morrissey v. Brewer, 408 U.S. 471, 92 S.Ct. 2593, 33 L.Ed.2d 484 (1972), since that decision was held not to have retrospective effect. Zizzo v. United States, 470 F.2d 105, 108 (7th Cir.), cert. denied, 409 U.S. 1012, 93 S.Ct. 443, 34 L.Ed.2d 306 (1972). Instead, at a minimum, the plaintiff's parole revocation was required to meet the fundamental fairness test of Shead v. Quatsoe, 486 F.2d 694 (7th Cir. 1973), in addition to the local hearing requirements of *Bransted* and *Johnson*.

Although the plaintiff was not permitted compulsory process for witnesses nor the assistance of counsel, I believe that the May 25, 1971, revocation hearing was fundamentally fair and provided

"a reasonable opportunity to explain away the accusation that he has violated the conditions upon which his parole was granted." Bransted v. Schmidt, *supra* at 1236.

The petitioner conducted cross-examination adequately and was sufficiently able to develop mitigating facts. Moreover, during the hearing and at all times subsequent, the petitioner candidly admitted that he violated a condition of his parole by continuing to associate with Judy Melsness after April 2, 1970. Finally, Mrs. Melsness, the one witness whose presence the plaintiff sought for the hearing, concededly would not have denied associating with the plaintiff after April 2, 1970.

In my judgment, the May 25, 1971, hearing has supplied the plaintiff with an adequate remedy as to his claim that his parole was unconstitutionally revoked. Summary judgment dismissing this claim should be granted to the defendant.

## RIGHT TO A HEARING PRIOR TO FORFEITURE OF GOOD TIME CREDITS

■ Because the plaintiff was on discretionary parole at the time of revocation in May of 1970, his good time credits were forfeited pursuant to Wis. Stat. § 53.11(2a) (1969), which states:

"A parolee earns good time at the rate prescribed in this section. The department may forfeit all or part of the good time previously earned under this chapter, for violation of the conditions of parole, whether or not the parole is revoked for such misconduct."

The plaintiff was entitled to a hearing prior to the revocation of his good time credits under § 53.11(2a). In Steele v. Gray, 64 Wis.2d 422, 219 N.W.2d 312, 223 N.W.2d 614 (1974), the Wisconsin supreme court ruled that the standards prescribed in Wolff v. McDonnell, 418 U.S. 539, 94 S.Ct. 2963, 41 L.Ed.2d 935 (1974), for good time revocation hearings, are applicable prospectively only

" 'except as to those petitions [or actions] on file in this court or any trial court in the state as of the date of this mandate.' " 64 Wis.2d at 431a, 219 N.W.2d at 316.

Recently, in Witzel v. Quatsoe, 396 F.Supp. 395, (E.D.Wis., decided March 3, 1975), I held that the above quoted language from *Steele* encompassed actions pending in federal district courts located in Wisconsin. It follows that the plaintiff is entitled to the benefits of the *Steele* decision.

It is urged by the defendant, however, that the May 25, 1971, parole revocation hearing has fully satisfied the plaintiff's right to a due process hearing on the loss of good time credits. I am able to agree only to a limited extent.

Although the revocation of parole and the forfeiture of good time credits under Wis.Stat. § 53.11(2a) depend on the same factual predicate—whether or not a condition of parole was violated—there is no indication that the deprivation of good time credits was in fact considered at the May 25, 1971, parole revocation hearing. Nevertheless, had the forfeiture of good time credits been under consideration, the May 25, 1971, hearing would have comported with the requirements of *Steele* except to the extent that no written decision was issued.

In my view, the two deficiencies in the May 21, 1971 hearing, as it applies to loss of good time credits, can be remedied short of another hearing. Since the factual basis for the loss of good time credits has already been adequately and fairly explored in the May 25, 1971, hearing, I believe that the plaintiff's due process rights will be vindicated if the defendant is required to reconsider the forfeiture of good time credits in light of the evidence developed at the May 25, 1971, hearing. After such consideration, the defendant should supply the plaintiff with a written statement as to the evidence relied on and the reasons for the action taken with respect to the loss of good time credits.

Therefore, it is ordered that the defendant's motion for summary judgment be and hereby is granted in part and denied in part. The complaint is hereby dismissed insofar as it seeks to challenge the propriety of the revocation of the plaintiff's parole on or about May 27, 1970.

It is also ordered that the plaintiff's motion for summary judgment is granted in part and denied in part. The plaintiff's good time credits lost as a result of the violations supporting the parole revocation occurring on or about May 27, 1970, shall be restored unless within 60 days from the date of this order: (1) the defendant reconsiders whether to revoke the plaintiff's good time credits pursuant to Wis.Stat. § 53.11(2a) (1969), in light of the evidence adduced at the parole revocation hearing on May 25, 1971, before Donald R. Schneider, hearing examiner; and (2) the defendant, subsequent to reviewing whether to revoke the good time credits in question, furnishes the plaintiff a written statement as to the evidence relied on and the reasons for the action taken.