**Charles E. JOHNSON, Petitioner,**

v.

**James MATHEWS, Respondent.**

No. 76–C–578.

United States District Court,
E. D. Wisconsin.

Jan. 27, 1977.

Post Conviction Defense Project, by Charles B. Vetzner, Madison, Wis., for petitioner.

Brnson C. LaFollette, Atty. Gen., by John M. Schmolesky, Madison, Wis., for respondent.

DECISION AND ORDER

MYRON L. GORDON, District Judge.

This petition for habeas corpus challenging the validity of revocation of parole and

the forfeiture of good time earned on sentences of imprisonment is before the court on the petitioner's motion for judgment on the pleadings, pertinent portions of the record of the underlying state proceedings and the briefs of counsel.

The record shows that in April 1969, the petitioner was released from confinement in the Wisconsin state prison on parole from sentences imposed on two 1963 convictions for armed robbery. In May 1970, the petitioner's parole was revoked pursuant to a recommendation by his parole agent and on July 1, 1970, the good time previously accrued on his sentences was ordered forfeited. The petitioner was not afforded a hearing prior to the revocation of parole or the forfeiture of good time.

The respondent does not dispute the petitioner's contention that resort to the courts of the state of Wisconsin would be futile in light of the decisions in *State ex rel. Johnson v. Cady*, 50 Wis.2d 540, 185 N.W.2d 306 (1971), and *Steele v. Gray*, 64 Wis.2d 422, 219 N.W.2d 312, 223 N.W.2d 614 (1974), denying retroactive application of the rights of procedural due process there defined.

Relying on the prospective application to be given the holdings in *Morrissey v. Brewer*, 408 U.S. 471, 92 S.Ct. 2593, 33 L.Ed.2d 484 (1972) and *Wolff v. McDonnell*, 418 U.S. 539, 94 S.Ct. 2963, 41 L.Ed.2d 935 (1974), the respondent submits that the failure to afford the petitioner a hearing before revocation of parole and the forfeiture of good time antedating the time of these decisions is not actionable. Further, it is contended that the lack of a hearing did not constitute a denial of dunamental fairness because the petitioner admitted to his parole officer that he used illegally obtained methadone and because the determination to revoke rested on additional factual bases such as the petitioner's arrest for various offenses of some of which he was subsequently convicted.

Recent decisions of the federal courts have defined due process requirements in cases of revocation of parole or the imposition of a grievous loss such as forfeiture of

good time as including an opportunity for a hearing at which the charged person may plead in mitigation or explain his conduct notwithstanding an admitted violation or criminal conviction giving rise to the official sanction.

■ This aspect of procedural due process does not rest on such cases as *Morrissey* or *Wolff*, but has its genesis in the fundamental fairness requirements enunciated in *haines v. Kerner*, 404 U.S. 519, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972) which are not limited to prospective application. See, *Shead v. Quatsoe*, 486 F.2d 694 (7th Cir. 1973); *Brown v. Black*, 513 F.2d 652 (7th Cir. 1975); and *Hendricks v. Gray*, civil no. 75–C–89 (E.D.Wis. decided September 26, 1975).

■ It is admitted that the petitioner has not been afforded any hearing providing him with an opportunity to explain his conduct on which the revocation of parole and forfeiture of good time were based. Specification of the explanation of argument in mitigation is not a condition precedent to the grant of relief in this case.

Therefore, IT IS ORDERED that the petitioner's motion for judgment on the pleadings be and hereby is granted.

IT IS ALSO ORDERED that the revocation of parole and the forfeiture of good time of May and July 1970 in the petitioner's case be and they are hereby vacated, and that the petitioner be restroed to the status he had prior to revocation of parole and the imposition of the forfeiture unless, within 60 days from date of this order, the petitioner is afforded a hearing at which he has an opportunity to explain his conduct and thereafter is furnished a statement of the reasons for the action taken.